John SMITH, Mitchell Griggs, and Addie Steward, Plaintiffs-Appellants,

v.

OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL UNION; John Kelly, and George Porcaro, Defendants-Appellees.

No. 86–1301.

United States Court of Appeals, Sixth Circuit.

Decided June 22, 1987.

Argued Jan. 26, 1987.

Barbara Harvey (argued), Detroit, Mich., for plaintiffs-appellants.

Eugene Bolanowski, Warren, Mich., Douglas A. Keast (argued), for defendants-appellees.

Before JONES and GUY, Circuit Judges, and EDWARDS, Senior Circuit Judge.

GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.

Plaintiffs in this case filed an action under the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 401 *et seq.* and the District Judge dismissed the case under that Act for lack of subject matter jurisdiction.

The problem arises out of the imposition by the Office and Professional Employees International Union of a trusteeship on its Local 512. Local 512 represents only supervisors employed by the State of Michigan. Plaintiffs alleged that the trusteeship violates §§ 302 and 304(c) of the LMRDA, 29 U.S.C. §§ 462 and 464(c), and predicated jurisdiction on § 304(a) of Act, 29 U.S.C. § 464(a). The District Court granted defendants' motion to dismiss on the ground of lack of subject matter jurisdiction and then dismissed plaintiffs' pendant state law claims. Plaintiffs appeal.

The question at this point is purely a legal one; namely whether the LMRDA provides subject matter jurisdiction over a trusteeship imposed by a parent union subject to the LMRDA on a local subordinate body which is not subject to the LMRDA? The Act in fact states that the term "[e]mployer" does not include the United States or any corporation wholly owned by

the Government of the United States or any State or political subdivision thereof. 29 U.S.C. § 402(e). The Act's definitions of "employee" and "labor organization" rely on the definition of "employer," so that unions representing only public sector workers are not "labor organizations." *See* 29 U.S.C. §§ 402(f) and (i). Thus it is clear that for purposes of the LMRDA the trusteed Local 512 is not a "labor organization" because it represents only State of Michigan workers.

The LMRDA has six titles; public employee unions are clearly excluded from the coverage of Titles I, II, IV, V, and VI. Title III, §§ 301 through 304 of the Act, 29 U.S.C. §§ 461–64, concerns trusteeships. Plaintiffs allege violations of § 302, 29 U.S.C. § 462, which defines the proper purposes of trusteeships over a "subordinate body," and § 304(c), 29 U.S.C. § 464(c), which establiishes a presumption that trusteeships are invalid after 18 months. Plaintiffs claim jurisdiction under § 304(a), 29 U.S.C. § 464(a), which allows a member of a "subordinate body of a labor organization" to bring a civil action in federal District Court for a violation of, among other provisions, § 302. Plaintiffs contend that even though Local 512 is not a labor organization as defined by the Act, by the terms of §§ 302 and 304 the trusteed entity need only be a "subordinate body" of a labor organization to create jurisdiction. Plaintiffs argue that a "subordinate body" need not be a "labor organization" as defined by the Act. Jurisdiction, under plaintiffs' analysis, depends on whether the parent union is a labor organization as defined by Act; if so, then the status of the local is irrelevant.

Congress in Title III, however, clearly used the term "subordinate body" interchangeably with the terms "labor organization" and "subordinate labor organization." Thus, § 301, 29 U.S.C. § 461, which establishes reporting requirements for trusteeships, uses the term "subordinate labor organization;" § 303, 29 U.S.C. § 463, uses the terms "subordinate body" and "labor organization" to refer to the same entity. We agrèe with the Third, Fourth, and Tenth Circuit's unanimous conclusions that,

given the exclusion of public employee unions from the coverage of the rest of the Act, the interchangeable use of terms in Title III of the Act, and the lack of any legislative history suggesting that trusteed public employee locals are covered, the most reasonable conclusion is that public employee unions are not covered by the phrase "subordinate body" in §§ 302 and 304 of the Act. *See New Jersey County and Municipal Council #61 v. American Federation of State, County and Municipal Employees*, 478 F.2d 1156 (3rd Cir.), *cert. denied*, 414 U.S. 975, 94 S.Ct. 290, 38 L.Ed.2d 218 (1973); *Kanawha Valley Labor Council, AFL–CIO v. American Federation of Labor*, 667 F.2d 436 (4th Cir. 1981); *Colorado Labor Council, AFL–CIO v. American Federation of Labor*, 481 F.2d 396 (10th Cir.1973). Thus, the LMRDA provides no relief to public employee locals trusteed by their parent unions, and the District Court was correct in holding that it lacked jurisdiction. While it is contended that this holding allows unions covered by the Act to impose abusive trusteeships over locals not covered, we believe that amendment to correct such abuses must come from Congress, rather than being judicially engrafted by a strained reading of the statute.

We note that plaintiffs claim that 29 C.F.R. § 451.6(b) and (c), promulgated by the Department of Labor, support their position, and should be followed by this court absent compelling indications that they are wrong. *See Reform Committee v. Sytsma*, 802 F.2d 180, 190 (6th Cir.1986) (courts should defer to the Secretary's interpretation of LMRDA absent compelling indications that it is wrong). The regulations cited by plaintiffs, however, only establish that the LMRDA applies to trusteeships by a labor organization subject to the Act over a local in a foreign country. These regulations do not, as plaintiffs claim, establish a general policy by the Secretary that coverage of the trusteeship provisions of the Act will always be determined with reference to the parent, rather than the local, union. While the Act for jurisdictional reasons obviously cannot en-

compass some purely foreign activities, foreign locals are not, as are public sector unions, excluded from the Act's definition of "labor organization." These regulations therefore do not support the plaintiffs' position.

The judgment of the District Court dismissing the plaintiffs' complaint for lack of subject matter jurisdiction is affirmed.