Harvey J. THOMPSON, III, Plaintiff–Appellant,

v.

William McCOMBE; Christine A. Zook; Local 192 Amalgamated Transit, Defendants–Appellees.

No. 95–17207.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 1996.*

Decided Nov. 5, 1996.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

Harvey J. Thompson, III, Richmond, CA, pro se.

Victoria Chin, Leonard, Nathan, Zuckerman, Ross, Chin & Remar, Oakland, CA, for defendants-appellees.

Before: BROWNING, SCHROEDER and RYMER, Circuit Judges.

PER CURIAM:

Harvey J. Thompson appeals pro se the district court's Fed.R.Civ.P. 12(b)(1) dismissal for lack of subject matter jurisdiction of his action, pursuant to the Labor–Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 401, against Local 192 Amalgamated Transit Union ("ATU") and two of the union's officers. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Thompson was an employee of the Alameda–Contra Costa Transit District ("AC Transit"), a public entity, *see* Cal.Pub.Util.Code § 24561, and belonged to the ATU. Thompson contends that the ATU violated the LMRDA by revoking his membership, expelling him from a union meeting, and calling the police to remove him after he refused to leave. The district court concluded that Thompson failed to establish that the ATU was a labor organization subject to the provisions of the LMRDA and dismissed Thompson's action for lack of subject matter jurisdiction.

■ A district court's conclusion that it lacks subject matter jurisdiction is reviewed de novo. *Seven Resorts, Inc. v. Cantlen,* 57 F.3d 771, 772 (9th Cir.1995). A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction. *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.,* 813 F.2d 1553, 1559 (9th Cir.1987).

■ The LMRDA secures the right of a person to bring a civil action against a labor organization in district court. *See* 29 U.S.C. § 412. The term "labor organization," as defined in the LMRDA, means an organization "which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment...." 29 U.S.C. § 402(i). A labor organization composed entirely of public sector employees is not a labor organization for purposes of the LMRDA. *See* 29 C.F.R. § 451.3(a)(4). The circuit courts which have addressed the issue have uniformly held that the LMRDA does not apply to unions which represent only public sector employees. *See Celli v. Shoell,* 40 F.3d 324, 327 (10th Cir.1994); *Diven v. Amalgamated Transit Union Int'l & Local 689,* 38 F.3d 598, 601 (D.C.Cir.1994); *Smith v. Office & Professional Employees Int'l Union,* 821 F.2d 355, 356 (6th Cir.1987).

Thompson contends that the ATU is a "labor organization" within the meaning of the LMRDA because the ATU's stated objectives, as outlined in its bylaws, include the "[o]rganization of employees within the jurisdiction of Amalgamated Transit Union, Local 192" and the "[i]mprovement in wages, hours and conditions of employment for . . . working people in general." We agree with the district court's conclusion that the language in the ATU's bylaws neither states nor implies that the ATU represents private sector employees. Moreover, we agree with the district court that the breadth of the ATU's goal of bettering employment conditions for "working people in general" does not relate specifically to the representation of employees.

Thompson further argues that, because the ATU has, in the past, sought and represented private sector employees, it is a "labor organization" subject to the LMRDA. Other circuits have indicated that the important question is not whether the union has represented private sector employees in the past, but whether the union currently deals with or represents private sector employees. *See Martinez v. American Fed'n of Gov't Employees,* 980 F.2d 1039, 1042 (5th Cir.1993); *Berardi v. Swanson Memorial Lodge No. 48,* 920 F.2d 198, 202 (3d Cir.1990).

Here, the ATU was organized in 1901. Since the creation of AC Transit in approximately 1960, the ATU has exclusively represented AC Transit employees. Thompson has not established that he was a member of the ATU prior to 1960. Because the ATU does not currently deal with or represent any employees other than those of AC Transit, the ATU's activities prior to 1960 are irrelevant. *See Martinez,* 980 F.2d at 1042; *Berardi,* 920 F.2d at 202.[1]

We join the other circuits and hold that a union which exclusively represents public sector employees is not a "labor organization" within the meaning of the LMRDA. *See Celli,* 40 F.3d at 327; *Diven,* 38 F.3d at 601; *Smith,* 821 F.2d at 356. Accordingly,

the district court did not err by dismissing Thompson's claim for lack of subject matter jurisdiction. *See Trentacosta,* 813 F.2d at 1559.

**AFFIRMED.**

---

1. Thompson argues that the ATU is a private employer and has represented itself because the compensation of ATU employees is determined according to the compensation of AC Transit employees bargained for by the ATU. We agree with the district court that in choosing to apply terms from the negotiated agreement with AC Transit to its own employees, the ATU is not negotiating with itself and acts solely as an employer.