139 F.3d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bruce G. WILLIAMS, Plaintiff-Appellant,
v.
Department of Labor; Edmunce Gonzales, Assistant Secretary,
Defendants-Appellees.
 No. 96-36072.
D.C. No. CV-96-00700-BJR.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1998**.
Decided Feb. 9, 1998.
 
 Appeal from the United States District Court for the Western District of Washington Barbara J. Rothstein, District Judge, Presiding.
 Before BRUNETTI, RYMER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bruce G. Williams appeals pro se the district court's summary judgment dismissal for lack of subject matter jurisdiction of his action under the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 401, against the Assistant Secretary for Employment Standards of the United States Department of Labor (the Secretary). We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Williams argues that the district court erred by failing to enter a default judgment under Fed.R.Civ.P. 55 against the Secretary when the Secretary did not respond to Williams's complaint within 60 days. As the district court concluded that Williams had failed to establish his claim against the Secretary, however, he was not entitled to a default judgment. See Fed.R.Civ.P. 55(e) ("No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court."); Borzeka v. Heckler, 739 F.2d 444, 446 (9th Cir.1984) (clerk's entry of default judgment improper under Rule 55(e) where party's motion merely stated that the 60-day time period had expired and court had not considered whether moving party had submitted satisfactory evidence in support of his claim).
 
 II
 
 4
 Williams argues that the Secretary improperly dismissed his complaint alleging that he was removed from a Union office and precluded from running for another one by Council 236 of the American Federation of Government Employees (AFGE) in violation of the LMRDA. He also argues that the Secretary never considered his allegations that Council 236 officers misused Council funds in violation of the LMRDA's fiduciary duty standards. Williams asks for: an injunction directing the Secretary to rerun the Council election; review of Department of Labor (DOL) regulations; an order directing the DOL to investigate the financial status of funds used by the Council president and to provide Williams with records; and money damages against DOL.
 
 
 5
 We agree with the district court that jurisdiction is lacking under the LMRDA. Council 236, which removed Williams from office and prevented him from running in the election, represents only public employees and is therefore outside the coverage of LMRDA. Thompson v. McCombe, 99 F.3d 352 (9th Cir.1996). The Sturvidant letter shows only that AFGE provided logistical and administrative support for Council 236's election; no evidence indicates that AFGE played anything other than a ministerial role. Further, Council 236's Constitution required candidates for Council office to be GSA employees since 1987 and nothing in the record links that requirement to AFGE. Likewise, Williams's allegations of fund misuse involve only the actions of Council officers.
 
 
 6
 Because Williams argues only that his action falls under the LMRDA, we have no occasion for deciding whether any decision by the Secretary was arbitrary and capricious.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3