**McDonald NEWKIRK, Plaintiff–Appellant,**

v.

**Jerry WILLIAMS and Amalgamated Transit Union, Local 308, Defendants–Appellees.**

**No. 00–3645.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 5, 2001.*

Decided March 8, 2001.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before EASTERBROOK, MANION, and DIANE P. WOOD, Circuit Judges.

### ORDER

McDonald Newkirk, a retired rail janitor for the Chicago Transit Authority (CTA) who served as an elected board member of the CTA's union, Amalgamated Transit Union (ATU) Local 308, was suspended from his position by Local 308's president, Jerry Williams. Believing the suspension resulted from his publication of a newsletter critical of Williams's job performance, Newkirk urged Local 308 to investigate. When the local refused to charge Williams with any wrongdoing, Newkirk brought this suit against Williams and Local 308 alleging various violations of the Labor–Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. §§ 401–531, and the ATU's constitution.

The district court granted the defendants' motion for summary judgment, concluding that the local was not governed by the LMRDA. This analysis is correct. The LMRDA governs only "labor organizations" and their officers, and defines a "labor organization" as a group that handles labor disputes with employers, 29 U.S.C. § 402(i). "Employer," as the term is defined by the statute, excludes states and their political subdivisions, 29 U.S.C. § 402(e); the CTA is such a subdivision, 70 ILCS 3605/3. The defendants' averment that Local 308 includes only CTA employees is uncontradicted. Local 308 is not a labor organization, so the grant of summary judgment for the defendants on the LMRDA claims was proper. See, e.g., Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir.1996) (per curiam) (labor organizations composed entirely of public sector employees are not "labor organizations" for purposes of LMRDA; collecting cases).

Newkirk's only argument on appeal is that the district court should have allowed him to amend his complaint to add a claim that Williams and Local 308 violated the ATU's constitution. Newkirk did not need the court's permission to amend his complaint, however, because the defendants had not yet filed a responsive pleading. See Fed.R.Civ.P. 15(a) (party may amend pleading once as a matter of course before a responsive pleading is served); La Batt v. Twomey, 513 F.2d 641, 651 (7th Cir. 1975) (weight of authority indicates that a motion for summary judgment is not a responsive pleading).

Accordingly, the judgment of the district court is AFFIRMED.