Jackie STANFILL, Plaintiff—
Appellant,

v.

BREMERTON METAL TRADES COUNCIL, BMTC, a labor organization; Metal Trades Dept., MTD, a labor organization; International Association of Machinists and Aerospace Workers, a union; International Brotherhood of Electrical Workers, Local 574; International Brotherhood of Electrical Workers International, 9th District, a union; United Brotherhood of Carpenters and Joiners, Local 2317 UBCJ; John F. Meese, President Metal Trades Dept.; AFL–CIO; Gordon A. Baxter, Western States Rep, Metal Trades Dept AFL–CIO; Thomas G. Gary, President, BMTC and Acting Business Agent for IBEW Local 574; Rick Brown, Business Manager, IAM and AW Local 282; Michael Kelly, Retired Vice–President BMTC, President UBC Local 2317; Amelia Maule, former Treasurer, Recording Secretary, Safety Chair, BMTC; Dennis Healey, Former Vice President and Trustee BMTC; Patrick Abbott; Michael Mowrey, International Vice President, 9th District IBEW; Richard L. Rogers, International Representative IBEW 9th District; Ernest Martsching, Defendants—Appellees,

and

United States of America, Real-party-in-interest.

No. 01–35397.

D.C. No. CV–00–05106–JKA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 8, 2002.

Decided June 25, 2002.

Before THOMAS, GRABER, and GOULD, Circuit Judges.

MEMORANDUM *

This case involves alleged violations of the bill of rights portion of the Labor–Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 411, as well as alleged liability for the state tort of outrage.

Jackie Stanfill served as Alternate Safety Chair for Bremerton Metal Trades Council ("Bremerton Council"). After he was removed from that position, allegedly in retaliation for exercising his rights under 29 U.S.C. § 411, Stanfill brought suit under 29 U.S.C. § 412. The district court granted summary judgment in favor of defendants, after concluding that the LMRDA applied but that it was preempted by the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. §§ 7101–7135.

Stanfill appeals, arguing that the LMRDA applies to defendants Bremerton Council and International Brotherhood of Electrical Workers, Local 574 ("Local 574"), which is Stanfill's local union, and that the LMRDA is not preempted.[1] Additionally, he argues that the CSRA does not preempt his state-law outrage claim.

We conclude that the district court was correct that the LMRDA applies to defendant Bremerton Council. *See Chao v. Bremerton Metal Trades Council*, 294 F.3d 1114, (9th Cir.2002). The district court did not explicitly address whether the LMRDA also applies to Local 574 and, although Local 574 has at least one member who works in the private sector, the record is unclear as to "whether the union currently deals with or represents" that employee in negotiations with his private sector employer. *Thompson v. McCombe*, 99 F.3d 352, 354 (9th Cir.1996) (per curiam). The district court should address the applicability of the LMRDA to Local 574 on remand.

We now turn to the preemption issues. The district court erred in holding that the CSRA here preempts the LMRDA. *See Bremerton Metal Trades Council*, 294 F.3d at ——. The district court correctly held that Stanfill's state-law outrage claim was preempted by the CSRA. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Each party shall bear its own costs on appeal.

AFFIRMED IN PART; REVERSED IN PART; REMANDED for proceedings consistent with this disposition.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Although Stanfill initially named numerous individuals and entities as defendants, the only defendants about whom Stanfill makes specific arguments in this appeal are Bremerton Council and Local 574. Because Stanfill does not make any arguments specific to the other defendants, we affirm summary judgment as to the other defendants. *See Bloom v. Gen. Truck Drivers, Local 952*, 783 F.2d 1356, 1364 (9th Cir.1986).