Terrance C. PROSCHOLD, et al.,
Plaintiffs—Appellants,

v.

UNITED STATES of America,
Defendant—Appellee,

and

Dry Creek Rancheria Band of Pomo Indians, Intervenor—Appellee.

No. 02–16655.

D.C. No. CV–01–02390–SBA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 6, 2003.

Decided Feb. 20, 2004.

Andrea M. Miller, Nagley, Meredith & Miller, Inc., Sacramento, CA, for Plaintiff–Appellant.

Frank R. Lawrence, Holland & Knight LLP, Los Angeles, CA, Jerome L. Levine, David M. Gonden, Holland & Knight LLP, San Francisco, CA, for Intervenor–Appellee.

Alice M. Thurston, Washington, DC, James A. Coda, San Francisco, CA, for Defendant–Appellee.

Before SCHROEDER, Chief Judge, THOMAS, and CLIFTON, Circuit Judges.

MEMORANDUM *

Plaintiffs appeal the district court's order dismissing their action for lack of subject matter jurisdiction under the Quiet Title Act. We review the district court's determination of subject matter jurisdiction *de novo, Alaska v. Babbitt,* 38 F.3d 1068, 1072 (9th Cir.1994) (*"Alaska–Albert"*), and we affirm. Because the parties are familiar with the facts and procedural history, we need not recount it here.

Although the Quiet Title Act ("QTA") waives sovereign immunity for title disputes involving real property in which the United States claims an interest, it expressly reserves sovereign immunity in disputes involving lands held in trust for Indian tribes. 28 U.S.C. § 2409a. Under this exception, sovereign immunity applies if the United States "has a colorable claim and has chosen to assert its immunity on behalf of land of which the government declares that it is the trustee for Indians." *Wildman v. United States,* 827 F.2d 1306, 1309 (9th Cir.1987). In this case, the government has elected to assert sovereign immunity. Thus, the only question is whether the government has a colorable claim to the property, or as we have also described it, whether "the government had some rationale for its claim." *Alaska–Albert,* 38 F.3d at 1076.

It is the Plaintiffs' burden to prove that the district court had subject matter jurisdiction to entertain their QTA action. *Thompson v. McCombe,* 99 F.3d 352, 353 (9th Cir.1996). They failed to meet this burden. Plaintiffs' primary argument is that the United States acquired the property at issue as a sovereign, and not as trustee. Regardless of the true status of the property, under the QTA, trust land is "land the title to which is held in trust by the United States for an individual Indian or a tribe." 25 C.F.R. § 151.2(d). The Indian Reorganization Act of 1934 provided the Secretary of Interior with direct authority to acquire land in trust for Indians. 25 U.S.C. § 465. Prior to that enactment, the United States proclaimed its authority to hold title to lands for the benefit of the Indians. *See Cherokee Nation v. Georgia,* 30 U.S. (5 Pet.) 1, 17, 8 L.Ed. 25 (1831). As we previously have noted, Congress enacted the Indian land exception because of the "federal government's trust responsibility for Indian lands [which resulted from] solemn obligations entered into by the United States government. The federal government has over the years made specific commitments to the Indian people through written treaties and through informal and formal agreements." *Alaska–Albert,* 38 F.3d at 1073 (citing H.R.Rep. No. 1559, 92nd Cong., 2d Sess., *reprinted in* 1972 U.S.C.C.A.N. 4556–57). Thus, when the United States acquires real property in trust for a tribe, it holds the actual title and need not affirmatively set forth the trust status in the document of record and it can claim the easement is held in trust even if such designation does not appear on the title. *Cf. United States v. McGowan,* 302 U.S. 535, 538–39, 58 S.Ct. 286, 82 L.Ed. 410 (1938); *see also Navajo Tribe of Indians v. United States,* 224 Ct.Cl. 171, 624 F.2d 981, 987 (Ct.Cl.1980).

In this case, although the easement did not designate title as held in trust, it was recorded by the Bureau of Indian Affairs, and Plaintiffs' predecessor in interest was aware that it was acquired for the assistance of the Dry Creek Rancheria Band of Pomo Indians. For almost half a century, the Bureau of Indian Affairs has claimed the easement was owned in trust with title vested in the United States and has contin-

---

ued to claim it in trust for the benefit of the Dry Creek Rancheria Band of Pomo Indians. The United States held title to the easement with the right to enter, improve and maintain the roadway, and it has since been maintained as part of the Bureau of Indian Affairs road system, not for its own purposes but for the benefit of the Rancheria Indians. Plaintiffs offer nothing to indicate otherwise.

For these reasons, while some doubt exists as to the true status of the easement, the district court correctly concluded that the United States had asserted a colorable claim that the easement is held in trust, within the meaning of the QTA, for the Dry Creek Rancheria Band of Pomo Indians. Thus, sovereign immunity bars the instant action "whether the government is right or wrong." *Wildman*, 827 F.2d at 1309. Given the sovereign immunity bar, we need not address the other issues raised by Plaintiffs.

**AFFIRMED.**

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts