### AMERICAN FEDERATION OF TEACHERS, AFL–CIO, Plaintiff

v.

### FEDERACION DE MAESTROS DE PUERTO RICO, et al., Defendant(s).

#### Civil No. 05–1742(JAG).

United States District Court, D. Puerto Rico.

Aug. 12, 2005.

66

Alberto Rodriguez–Ramos, Eliseo Roques–Arroyo, Eyck O. Lugo–Rivera, Manuel E. Lopez–Fernandez, Martinez Odell & Calabria, San Juan, PR, PHV Brian Powers, PHV David J. Strom, American Federation of Teachers, PHV Keith R. Bolek, PHV Robert Matisoff, PHV Sally M. Tedrow, O'Donoghue & O'Donoghue LLP, Washington, DC, for Plaintiffs.

Jose E. Colon–Santana, Colon & Roman Law Office, Luis A. Guzman–Dupont, Luis A. Guzman Dupont Law Office, Pedro J. Varela–Fernandez, Pedro J. Varela Law Office, San Juan, PR, Guillermo J. Ramos–Luina, Rivera Tulla & Ferrer, Hato Rey, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), filed by the defendants on July 18th, 2005. (Docket No. 26). For the reasons discussed below, the Court **GRANTS** the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 6th, 2005, the American Federation of Teachers ("AFT") filed a Complaint requesting equitable, declaratory and compensatory relief from defendants Federación de Maestros de Puerto Rico ("FMPR") and its president, Rafael Feliciano–Hernández (collectively, "defendants"), pursuant to section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).[1] On the same date, the AFT filed a Motion for Preliminary Injunction against the defendants, (Docket No. 2), which was referred to Magistrate–Judge Gustavo Gelpí for a Report and Recommendation. (Docket No. 6).

On July 18th, 2005, the defendants moved to dismiss the claim pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), (Docket No. 26), arguing that the Court lacks subject matter jurisdiction to entertain the complaint, that the AFT fails to state a claim upon which relief can be granted, and that the AFT lacks standing.

On August 1, 2005, Magistrate–Judge Gelpí issued a Report and Recommendation to grant in part and deny in part the defendants' Motion to Dismiss. (Docket No. 46). Specifically, the Magistrate–Judge recommended the dismissal of the claims against the FMPR because that entity is not a "labor organization" as required by Section 301(a) of the LMRA, 29 U.S.C. § 185(a). However, the Magistrate–Judge would allow the equitable claims against Rafael Feliciano–Hernández to proceed because a similar action was entertained by the Eleventh Circuit in *International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers, AFL–CIO v. Statham*, 97 F.3d 1416 (11th Cir.1996). (Docket No. 46 at 4).

After reviewing the Magistrate's findings, as well as the parties' timely objections, the Court hereby **ADOPTS** that part of the Report which recommends the Court to dismiss the claims against the FMPR, and **REJECTS** that which recommends to entertain the claims against Feliciano–Hernández.[2]

## STANDARD OF REVIEW

1. *Review of Magistrate–Judge's Report and Recommendation*

A District Court may, on its own motion, refer a pending motion to a U.S. Magis-

---

1. Section 301(a) of the LMRA states that
   [s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. 29 U.S.C. § 185(a)(emphasis added).

2. The Complaint charges the FMPR with being an affiliate of the AFT, and with not complying with various contractual obligations set forth in the AFT's Constitution. The FMPR counters that it validly disaffiliated from the AFT months before the present action was filed. This Opinion and Order, however, is limited to the jurisdictional issues raised in the Motion to Dismiss, and in no way should be construed as adjudicating the merits of the substantive claims.

trate–Judge for a Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Local Rule 72(a). Pursuant to Fed.R.Civ.P. 72(b) and Local Rule 72(d), the adversely affected party may contest the Magistrate–Judge's Report and Recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. *See* 28 U.S.C. § 636(b)(1). Since both parties have filed timely objections to the Magistrate–Judge's Report and Recommendation, the Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. *See United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Lopez v. Chater*, 8 F.Supp.2d 152, 154 (D.P.R.1998). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Alamo Rodríguez v. Pfizer Pharmaceuticals, Inc.*, 286 F.Supp.2d 144, 146 (D.P.R.2003) (quoting, *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir.1985). However if the affected party fails to timely file objections, "the district court can assume that they have agreed to the Magistrate's recommendation." *Id.*

## DISCUSSION

### 1. *Claims against the FMPR*

■ The Magistrate–Judge noted as uncontested that the FMPR is organized pursuant to Public Law Number 45 of February 25, 1998, and that its constituents are exclusively public school teachers employed by the Puerto Rico Department of Education, an agency of the Commonwealth of Puerto Rico. Consequently, Magistrate–Judge Gelpí concluded that the FMPR is not a "labor organization" within the purview of Section 301(a) of the LMRA, 29 U.S.C. § 185(a), inasmuch 29 C.F.R. § 451.3(a)(4) expressly excludes

from that category those entities "composed entirely of employees of the State or any political subdivision thereof." (Docket No. 46 at 2). Given that the Magistrate–Judges's recommendation on this matter was objected to by the AFT, the Court shall address this issue *de novo*.

The AFT acknowledges in its Objection to the Magistrate–Judge's Report and Recommendation that "the parties are in agreement that the FMPR is excluded from the LMRA's definition of a 'labor organization' because it is composed entirely of public sector employees." (Docket No. 53 at 4). However, the AFT explains that the contract at issue is one "between not only the AFT and the FMPR, but numerous other AFT-affiliated labor organizations, many of which represent employees engaged in an industry affecting commerce." *Id.*, at 1. Moreover, the AFT argues that the Magistrate–Judge, by assuming that Section 301(a) jurisdiction depends upon the presence of a *case* between labor organizations, misconstrues the meaning of such section. The AFT avers, conversely, that Section 301(a) purports to confer federal court jurisdiction over complaints that involve the *violation of a contract* between labor organizations, regardless of the identity of the named parties in the actual suit. The Court disagrees with the AFT's application of this premise to the present case.

The AFT's Objection essentially relies on three United States Supreme Court cases—*Wooddell v. International Brotherhood of Elect. Workers, Local 71*, 502 U.S. 93, 98–99, 112 S.Ct. 494, 116 L.Ed.2d 419 (1991), *Plumbing & Pipefitting Industry of the U.S. & Canada v. Plumbing & Pipefitting, Local 334*, 452 U.S. 615, 622, 101 S.Ct. 2546, 69 L.Ed.2d 280 (1981), and *Smith v. Evening News Ass'n*, 371 U.S. 195, 198, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962)—to persuade this Court that there

is Section 301(a) jurisdiction over the FMPR in this case. The cases in question establish that the word "between" in Section 301(a) refers to "contracts" not "suits," and thus, a union member who alleges a violation of a contract between two unions could bring suit against any of those unions pursuant to Section 301(a).[3] The Supreme Court further ruled that this was a union member's right as a beneficiary of the contract in question. *See Wooddell,* 502 U.S. at 101, 112 S.Ct. 494. The AFT's reliance on these cases, however, is unavailing for various reasons.

First, none of the cases cited by the AFT to rebut the Magistrate's Report and Recommendation involve a labor union that exclusively represents public employees. In fact, in two of the cases, the Supreme Court stressed that it was dealing with contracts by and between labor organizations representing employees in an industry affecting commerce as defined in 29 U.S.C. § 152, which excludes public sector unions such as the FMPR.[4] Therefore, AFT's reliance on *Wooddell, Plumbing & Pipefitting,* and *Smith,* to advance its theory that Section 301(a) confers federal jurisdiction in cases that involve a contract between two unions (as opposed to suits that feature unions as the named parties) is misplaced. While it is true that the cited cases stand for the proposition that a union member, pursuant to Section 301(a), could bring suit against a union for the breach of a contract between two unions, the underlying premise in those cases is that such a contract must have been performed by labor organizations as defined by the LMRA.

As a matter of fact, the Court in *Wooddell* concluded that Congress' purpose in approving the LMRA was to create federal causes of actions for controversies arising from contractual relations between labor organizations,[5] which by the Act's own definitions do not include unions composed exclusively of public employees. *See* 29 U.S.C. § 402(i); 29 C.F.R. § 451.3(a)(4). Hence, the cited cases' holdings rest on a clear rationale: it would frustrate Congress' purpose in approving the LMRA if a contract that would otherwise be subject to the LMRA—that is, a contract between two labor organizations as defined by that Act—could not be heard in federal court just because the party who happens to bring suit is not a union. Those cases also serve to clarify that, notwithstanding the fact that Section 301(a)'s language only refers to "suits for violation of contracts between an employer and a labor organiza-

---

3. Of course, as the Supreme Court noted in *Wooddell,* 502 U.S. at 99, 112 S.Ct. 494, for a union member to bring suit he or she must have personal standing.

4. For instance, in *Plumbers & Pipefitters v. Plumbers & Pipefitters, Local 334,* 452 U.S. 615, 622, 101 S.Ct. 2546, 69 L.Ed.2d 280 (1981), the Court states that "just as a union constitution is a contract within the plain meaning of § 301(a), so too is it clear that United Association and Local 334 are 'labor organization[s] representing employees in an industry affecting commerce as defined in this chapter' "; in *Wooddell,* 502 U.S. at 93, 100 n. 5, 112 S.Ct. 494 (1991), the Court clarifies that "it is not disputed that the IBEW, as well as Local 71, is a labor organization represent-

ing employees in an industry affecting commerce."

5. The Court in *Wooddell,* 502 U.S. at 99, 112 S.Ct. 494, an 8–0 decision (Justice Thomas took no part in the decision) expressed that

[c]ertainly Congress could conclude that the enforcement of the terms of union constitutions would contribute to labor stability, and that § 301 should be enacted to provide federal jurisdiction for enforcement of contracts made by labor organizations to counteract jurisdictional defects in many state courts that made it difficult or impossible to bring suits against labor organizations by reason of their status as unincorporated organizations.

tion ... or between any such labor organizations," there is no obstacle to allow a suit by a union member for controversies that relate to a contractual relation between LMRA-covered unions.

In the present case the distinction is irrelevant inasmuch as both the contract and the suit feature the AFT and the FMPR as parties. Since even the AFT acknowledges that the FMPR is an entity composed exclusively of public school teachers employed by the Puerto Rico Department of Education, section 301(a) cannot be used as a jurisdictional vehicle. As the Magistrate–Judge correctly reported, the circuit courts which have addressed the issue have uniformly held that Section 301(a) does not apply to unions which represent only public sector employees. *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir.1996); *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir.1994); *Diven v. Amalgamated Transit Union Int'l & Local 689* 38 F.3d 598, 601 (D.C.Cir.1994); *Hawaii Government Employees Association, American Federation of State, County and Municipal Employees, Local 152 v. Martoche*, 915 F.2d 718, 720 (D.C.Cir.1990); *Brock v. Southern Region, Region III of Civil Service Employees Association*, 808 F.2d 228, 231 (2nd Cir.1987).

■ Finally, the AFT's suggestion that Section 301(a) is applicable merely because the contract at issue is one "between not only the AFT and the FMPR, but numerous other AFT-affiliated labor organizations, many of which represent employees engaged in an industry affecting commerce," is also unavailing. The FMPR may not be brought before this Court to respond for violations of the AFT Constitution simply because other AFT affiliates may be labor organizations within the purview of the LMRA, since the FMPR is entirely comprised of public sector employees and the dispute alleged by the AFT in the Complaint is exclusively between the AFT and the FMPR.

Upon *de novo* examination, the Court will not depart from the Magistrate–Judge's recommendation of granting the Motion to Dismiss as to the FMPR.

### 2. Claims against Feliciano–Hernández

The Magistrate–Judge stated that Section 301(a) claims against individual union officers have been allowed in numerous contexts. Specifically, he cites *International Union of Electronic Electrical, Salaried, Machine and Furniture Workers, AFL–CIO v. Statham*, 97 F.3d 1416 (11th Cir.1996), as a case in which a national union was allowed to bring suit under section 301(a) against an officer of a local for violations to the national Constitution. The Magistrate–Judge further notes that in *Statham*, the Court found that jurisdiction under Section 301(a) was warranted because the only relief sought was equitable. Thus, the Magistrate–Judge concludes that because the AFT only seeks equitable remedies against Feliciano–Hernández, a Section 301(a) action is permissible. Since the Magistrate–Judges's recommendation on this matter was objected to by the FMPR, the Court addresses this issue *de novo*.

■ The FMPR recognizes that the Court in *Statham* did allow an action by a national union against certain individual officers of one of its locals. However, the FMPR argues that the Magistrate–Judge overlooked the most important factor in *Statham*: that both the national union and the local were covered by Section 301(a). In other words, since the complaint arose out of a contract between two labor organizations covered by the LMRA, Section 301(a) was thus applicable. *See also Wooddell*, 502 U.S. 93, 112 S.Ct. 494, 116 L.Ed.2d 419 (1991). Because the FMPR is

not a labor organization pursuant to the LMRA, the FMPR submits that the AFT's complaint does not arise out of a contract between labor organizations pursuant to Section 301(a), and hence the claims against Feliciano–Hernández must also be dismissed. The Court agrees.

Section 301(a) of the LMRA only grants federal court jurisdiction in "suits for violation of contracts between an employer and a labor organization ... or between any such labor organizations." As the Court states in the previous section, Congress' purpose in enacting the LMRA was to create federal causes of actions for controversies arising from contractual relations between labor organizations, which by the Act's own definitions do not include unions composed exclusively of public employees. Consequently, in order to comply with the LMRA's purpose, various courts have allowed national unions to sue individual officers of local affiliates when both entities are labor organizations as defined by the statute. However, when the contract over which the complaint arises is not one between LMRA-covered labor organizations, federal courts cannot entertain a case pursuant to Section 301(a) against the non-covered union nor against its officers.

It is clear that under the statutory scheme devised by Congress, labor organizations composed exclusively of state employees are the exclusive province of the state that employs them. Should this case be allowed to continue against Feliciano–Hernández, then the AFT would be allowed to do indirectly what the law expressly prohibits the AFT from doing directly; that is, bringing into federal court a controversy arising under a contract to which an entity composed exclusively of state employees is a party.

After *de novo* review, the Court rejects the Magistrate–Judge's recommendation and dismisses the claim as to Feliciano–Hernández.

## CONCLUSION

In light of the fact that the AFT's complaint is outside the purview of Section 301(a)'s jurisdictional grant, the Court hereby **GRANTS** the Motion to Dismiss. All pending motions and hearings are **MOOT**.

IT IS SO ORDERED.