**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1477
_____

ANDREW POLICASTRO,
                                        Appellant

v.

NEW JERSEY EDUCATION ASSOCIATION,
and their officers individually and in their official capacity;
SOMERSET COUNTY EDUCATION ASSOCIATION,
and their officers individually and in their official capacity;
HUNTERDON COUNTY EDUCATION ASSOCIATION,
and their officers individually and in their official capacity;
GLOUCESTER COUNTY EDUCATION ASSOCIATION,
and their officers individually and in their official capacity;
SECRETARY UNITED STATES DEPARTMENT OF LABOR
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-17-cv-06482)
District Judge: Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 3, 2019

Before: KRAUSE, SCIRICA and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed September 13, 2019)

_____

OPINION[*]
_____

PER CURIAM

Andrew Policastro appeals pro se from the District Court's grant of summary judgment in favor of the Secretary of the United States Department of Labor ("Secretary"). For the following reasons, we will affirm the judgment of the District Court.

Because we write primarily for the parties, we will only recite the facts necessary for our discussion. Policastro is a public school teacher who launched an unsuccessful bid in 2017 for a leadership position in his union, the New Jersey Education Association (NJEA). After losing the election and filing a dispute with the NJEA, Policastro filed a complaint with the United States Department of Labor ("DOL"). Policastro alleged that the NJEA engaged in election irregularities that violated the Labor-Management Reporting and Disclosure Act ("LMRDA"), as amended at 29 U.S.C. §§ 481-83, as well as federal law. After conducting an investigation, the DOL provided Policastro a written statement wherein it declined to pursue his claims. The DOL explained that Title IV of the LMRDA – which gives the DOL authority to monitor certain union elections – does not give it jurisdiction over elections conducted by unions like the NJEA, which are

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

comprised exclusively of employees of government entities or which are wholly composed of public sector organizations.

Policastro thereafter filed a complaint in August 2017, naming as defendants the NJEA and three of its county-level affiliates (Somerset County Education Association, Hunterdon County Education Association, and Gloucester County Education Association), as well as the officers of those affiliations in their individual and official capacities (collectively the "Union Defendants"). Policastro sought to overturn the Secretary's interpretation of Title IV of the LMRDA and to compel the Secretary to intervene in the election. He also asserted that his First Amendment rights had been violated by the Union Defendants.

The Union Defendants responded by filing, inter alia, a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. They argued that Policastro failed to name the DOL or its Secretary as a defendant despite purporting to appeal the DOL's decision, and that the LMRDA provides no private right of action for a post-election challenge to a union election. The District Court agreed with the Union Defendants' argument that they were not proper defendants. Accordingly, the District Court dismissed the LMRDA claims against them, while permitting Policastro the opportunity to file an amended complaint naming the Secretary of Labor as a defendant.

Policastro proceeded to file an amended complaint (two, actually) which added the Secretary as a defendant. Because Policastro repleaded his claims against the NJEA and the three county education associations (though he did so without providing a basis to

3

revisit the District Court's order of dismissal), the Union Defendants renewed their motion to dismiss. Once again, the District Court entered an order granting their motion and terminating the Union Defendants. The Secretary, the only remaining defendant, answered the amended complaint and filed a motion for summary judgment. The District Court subsequently granted the Secretary's motion and entered summary judgment in his favor. The court concluded that the Secretary's determination that the NJEA is not covered by Title IV of the LMRDA – made after a reasonable investigation – was not arbitrary or capricious, and was thus entitled to deference. Policastro filed a timely notice of appeal from the entry of judgment in favor of the Secretary.

We have jurisdiction under 28 U.S.C. § 1291.[1] In considering Policastro's appeal of the grant of summary judgment in favor of the Secretary, we exercise plenary review and apply the same standard as the District Court. See Minarsky v. Susquehanna County, 895 F.3d 303, 309 (3d Cir. 2018). Summary judgment is proper "when, drawing all reasonable inferences in favor of the nonmoving party, 'the movant shows that there is no genuine dispute as to any material fact,' and thus the movant 'is entitled to judgment as a matter of law.'" Id. (quoting Thomas v. Cumberland County, 749 F.3d 217, 222 (3d Cir.

---

[1] As the Union Defendants correctly note, Policastro offers no argument in his briefing that the District Court erred in granting their motions to dismiss. Accordingly, Policastro has waived any challenge to the District Court's decision to dismiss the Union Defendants for lack of jurisdiction. See New Jersey v. Merrill Lynch & Co., 640 F.3d 545, 547 n.3 (3d Cir. 2011) (quoting Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) ("Failure to set forth an issue on appeal and present arguments in support of that issue in one's opening brief generally amounts to 'abandon[ment] and waive[r of] that issue . . . and it need not be addressed by the court of appeals.'") (alterations in original).).

2014)). Given the Secretary's determination that the DOL lacked jurisdiction over the NJEA election under Title IV of the LMDRA, the scope of judicial review under the Administrative Procedure Act is a narrow one. See 5 U.S.C. § 706; see also Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs., 730 F.3d 291, 305 (3d Cir. 2013) (citing CBS Corp. v. FCC, 663 F.3d 122, 137 (3d Cir. 2011)). The court is "confined to examination of" the Secretary's statement of reasons for not bringing suit against the NJEA "and the determination whether the statement, without more, evinces that the Secretary's decision is so irrational as to constitute the decision arbitrary and capricious." Dunlop v. Bachowski, 421 U.S. 560, 572-73 (1975), overruled in part by Local No. 82, Furniture & Piano Moving, Furniture Store Drivers, Helpers, Warehousemen & Packers v. Crowley, 467 U.S. 526 (1984). "When the district court determines that the Secretary's statement of reasons adequately demonstrates that his decision not to sue is not contrary to law, the complaining union member's suit fails and should be dismissed." Id. at 574. We agree with the Secretary that, on this standard, the District Court's decision must be affirmed.

Policastro does not dispute that the NJEA and its affiliated county associations represent public school employees exclusively. The Secretary determined that unions like the NJEA are not covered by Title IV of the LMRDA because public school districts, as political subdivisions, do not meet the definition of a labor organization engaged in an industry affecting commerce within the meaning of the LMRDA as defined in 29 U.S.C. § 402(i) and (j). The Secretary's decision not to sue the NJEA was based on that fact. As the District Court concluded, the text of the LMRDA supports the Secretary's

5

determination that unions like the NJEA and its county affiliates, which exclusively represent public employees, are not within the ambit of the LMRDA's coverage.[2] Thus, for the reasons set forth by the District Court in its Memorandum Order at pages 6 – 8, we agree that the Secretary's decision was neither arbitrary nor capricious.

Policastro's contention that the Supreme Court overturned Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984), in its decision in Pereira v. Sessions, 138 S. Ct. 2105 (2018), and that the Secretary's interpretation of the LMRDA is thus entitled to no deference at all, is without merit. Subsequent to the Supreme Court's decision in Pereira, we recognized that, while "[t]he Chevron doctrine of deference to federal agencies is open to question," S.E.R.L. v. Att'y Gen., 894 F.3d 535, 554 (3d Cir. 2018) (citing Gutierrez-Brizuela v. Lynch, 834 F.3d 1142, 1149 (10th Cir. 2016) (Gorsuch, J., concurring)), "it is the law, and it allows [an agency] to change its statutory interpretation and still be entitled to full deference from Article III courts." Id. at 555. Moreover, as the District Court concluded, the Secretary's interpretation and conclusion are not inconsistent with the LMRDA.

---

[2] In various cases and situations, "[t]he circuit courts which have addressed the issue have uniformly held that the LMRDA does not apply to unions which represent only public sector employees." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996) (citing cases); see also Local 1498, Am. Fed'n of Gov't Emps. v. Am. Fed'n of Gov't Emps., AFL/CIO, 522 F.2d 486, 489 (3d Cir. 1975) ("A union consisting exclusively of government employees is not subject to the statutory prohibitions and rights created by the LMRDA."); New Jersey Cty. & Mun. Council No. 61, Am. Fed'n of State, Cty. & Mun. Emps., AFL-CIO v. Am. Fed'n of State, Cty. & Mun. Emps., AFL-CIO, 478 F.2d 1156, 1158 (3d Cir. 1973) (LMRDA titles governing elections, member rights, financial reporting, and fiduciary duties "specifically apply only to 'labor organizations' and thus do not affect public employee unions").

Accordingly, we will affirm the District Court's judgment.