**Joseph CIRASUOLA, Plaintiff,**

v.

**Nelson WESTRIN, Richard Jewell and Lynn P. Gallimore, individually and jointly and severally, Defendants.**

**Civil Action No. 95–40350.**

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 16, 1996.

**910**

James L. Feinberg, Detroit, MI, for Joseph Cirasuola.

Mark S. Meadows, Michigan Department of Attorney General, Tort Defense Division, Lansing, MI, for Richard Jewell.

Gary A. Benjamin, Detroit, MI, for Lynn P. Gallimore.

## *ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS*

GADOLA, District Judge.

This matter comes before this court on defendants' motions to dismiss the plaintiff's complaint.[1] The plaintiff, Joseph Cirasuola, originally filed his complaint in the Circuit Court for the County of Wayne, Michigan, but the action was removed to this court by defendants Westrin and Jewell on September 20, 1995. In their petition for removal, these defendants asserted that the plaintiff's complaint seeks redress under 42 U.S.C. § 1983 for violations of the plaintiff's Fifth and Fourteenth Amendment rights.

Review of the record in this matter discloses that the plaintiff's complaint is comprised of several claims based in part or entirely upon state law theories of tort, for which no independent basis of federal jurisdiction has been asserted, other than federal question pursuant to 42 U.S.C. § 1983. Specifically, Count I of that complaint is based upon a theory of malicious prosecution, based upon the purported "selective enforcement" by defendants Westrin and Jewell of the Michigan Racing Commission administrative penalty procedures. Count II asserts a claim of negligent supervision against defendant Westrin based upon his alleged failure to prevent defendant Jewell from bringing administrative charges against the plaintiff. Count III claims violations by defendant Westrin of the Fifth and Sixth Amendments to the United States Constitution and of certain provisions of the Michigan Constitution, arising out of the administrative proceedings conducted by defendant Westrin which resulted in the confidential agreement, dated January 31, 1991, between the plaintiff and defendant Westrin. Count IV alleges that

---

1. The plaintiff amended his complaint on November 8, 1995, alleging six counts. Because the substance of the averments contained in the amended complaint is virtually identical to the allegations contained in the original complaint, this court will refer to this amended complaint as "complaint."

defendant Gallimore knowingly and intentionally violated the terms of the confidential agreement reached between Defendant Westrin and the plaintiff by disclosing confidential information to racing officials in Kentucky and to the Detroit News. Count V claims that Defendant Westrin made comments which appeared in an August 29, 1993 article in the Detroit News and which were untrue and self-serving. Finally, Count VI alleges misrepresentation by defendant Westrin in connection with a proposed consent order, dated October 11, 1993 which would rescind the confidential agreement of January 31, 1991 and permit the plaintiff to apply for a license in Michigan.

█ Review of the complaint and the relevant authorities confirms that this court must dismiss this complaint in its entirety. Assuming that Counts I, II and III could be characterized as section 1983 claims, they would be barred by the statute of limitations. In Michigan, the statute of limitations for section 1983 actions is three years. M.C.L.A. § 600.5805(8); *Collard v. Board of Nursing,* 896 F.2d 179 (6th Cir.1990); *Conlin v. Blanchard,* 890 F.2d 811 (6th Cir.1989). The facts underlying the claims in Counts I, II, and III all occurred on or before January 31, 1991, the date on which the plaintiff and defendant Westrin entered into the confidential agreement. The plaintiff filed this action on August 18, 1995, over four years after any alleged wrongdoing. Accordingly, these claims are untimely and must be dismissed.

█ As to the remaining Counts in the complaint, this court is unable to discern any specific allegations which state a cause of action under 42 U.S.C. § 1983. Count IV is devoid of any mention of section 1983 but does assert that defendant Gallimore's actions were intended to "deprive Plaintiff of his liberty and property interests under the Fifth and Fourteenth Amendments." It is unclear from the complaint what the plaintiff's legal theory is for the alleged deprivations of liberty and property interests. To be certain, in order for the plaintiff to state a prima facie cause of action under section 1983, he must establish that he was deprived of a right secured by the Constitution or by federal law and that he was subjected to this deprivation by a person acting under color of state authority. *Searcy v. City of Dayton,* 38 F.3d 282 (6th Cir.1994). In this case, the plaintiff has failed to allege a violation of any right secured to him under the United States Constitution or federal law.

The plaintiff's claim in Count IV is indistinguishable in substance from the allegations discussed in *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1975) and in *Siegert v. Gilley,* 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). In *Paul,* a sheriff had distributed a leaflet to local merchants listing "active shoplifters" which contained the name and picture of the plaintiff Davis. Davis had been arrested previously for shoplifting, but his case was dismissed without a resolution of the issue of guilt. Davis brought a section 1983 action against the sheriff, claiming a deprivation of liberty and property under the Fourteenth Amendment because of the injury to his reputation and future employment prospects. The Supreme Court concluded that the interest in reputation asserted by Davis was neither a liberty or property interest protected by the Due Process Clause.[2] The words "liberty" and "property" as used in the Fourteenth Amendment, the court noted, "do not in terms single out reputation as a candidate for special protection over and above other interests that may be protected by state law." *Id.,* 424 U.S. at 701, 96 S.Ct. at 1160. The court concluded:

> Kentucky law does not extend to [Davis] any legal guarantee of present enjoyment of reputation which has been altered as a result of [Paul's] actions. Rather his interest in reputation is simply one of a number which the State may protect against injury by virtue of its tort law, providing a forum for vindication of those interests by means of damages actions. And any harm or injury to that interest, even where as here inflicted by an officer of the State, does not result in a deprivation of any "liberty" or "property" recognized by state or federal law, nor has it worked any change of

---

2. The court also dismissed Davis' claim that a constitutional right to privacy afforded him pro-tection against the disclosure of his shoplifting arrest. *Paul,* 424 U.S. at 713, 96 S.Ct. at 1166.

[Davis'] status as theretofore recognized under the State's laws. *Id.* at 711–12, 96 S.Ct. at 1165–66.

Accordingly, Davis failed to state a claim under section 1983. In *Siegert,* the court affirmed the holding in *Paul,* concluding that defamation alone "is a tort actionable under the laws of most States, but not a constitutional deprivation." *Siegert,* 500 U.S. at 233, 111 S.Ct. at 1794. The plaintiff, Siegert, had resigned from his position at a federal government hospital after being threatened with termination and was attempting to obtain his full credentials from the hospital to secure a permanent position with a United States Army hospital located in Germany. Siegert alleged that his former supervisor at the hospital, Gilley, had impaired his liberty and property interests by making defamatory statements in a letter recommending denial of Siegert's credential which deprived him of the ability to engage in his profession.[3] Dismissing Siegert's *Bivens* claims, the court concluded:

> The statements in the letter would undoubtedly damage the reputation of one in his position, and impair his future employment prospects. . . . But so long as such damage flows from the injury caused by the defendant to a plaintiff's reputation, it may be recoverable under state tort law but it is not recoverable in a Bivens action. *Id.* at 234, 111 S.Ct. at 1794.

■ Review of the plaintiff's complaint and his responses to the defendants' motions to dismiss confirms that the liberty and property interests asserted by the plaintiff Count IV are based exclusively upon injuries allegedly caused by defendant Gallimore to the plaintiff's reputation. In his December 29, 1995 response brief, the plaintiff states:

Not only was the personal information that was divulged private and sensitive—the false and disparaging comments gratuitously offered by Westrin were self-serving and damaging to Plaintiff's reputation. Westrin insinuated Plaintiff was a race fixer. He gave the impression that it was for this reason that Plaintiff was being kept out of racing for six years. These misrepresentations were false, deliberate, and damaging to Plaintiff's reputation.

Later in that same brief, the plaintiff asserts that "both public and private defamatory statements impacted upon reputation and the opportunity for employment." As the holdings of *Paul* and *Siegert* unambiguously demonstrate, the plaintiff cannot claim constitutionally protected interest in his reputation, even where it impairs his future employment opportunities. *See Paul,* 424 U.S. at 711–12, 96 S.Ct. at 1165; *Siegert,* 500 U.S. at 234, 111 S.Ct. at 1794. Count IV fails to assert a deprivation of any recognized constitutional "property" or "liberty" interest and, consequently, fails to state a claim under section 1983.[4]

■ Similarly, Count V fails to state a prima facie case under section 1983. On its face, Count V asserts only a state law defamation claim based upon defendant Westrin's "slanted, distorted, and untrue account of Plaintiff's alleged involvement in the fixed race at Sports Creek Raceway and in fixing races in general." Nowhere does it allege a deprivation of a federal or constitutional right. Because the claim asserted in Count V makes similar allegations against defendant Westrin as Count IV does against defendant Gallimore, because it arises out of the same nucleus of facts, namely, the statements surrounding the confidential agreement in the August 29, 1993 Detroit News

3. Specifically, in the letter, Gilley stated that Siegert was "both inept and unethical, perhaps the least trustworthy individual I have supervised in my thirteen years." *Siegert,* 500 U.S. at 228, 111 S.Ct. at 1791.

4. Plaintiff also argues in his response brief that he was deprived of a protected right to privacy in the confidential file. In support of this, the plaintiff erroneously relies upon section 552(b)(6) of the Administrative Procedures Act for the proposition that publication of private, confiden-

tial facts is an invasion of personal property. The plaintiff misreads the APA and misstates its applicability to this section 1983 claim. To be certain, even if the APA contained a provision protecting the plaintiff from public disclosure of confidential information, it would not authorize a claim under section 1983, as the APA applies only to federal agencies. *See* 5 U.S.C. § 551(1). The plaintiff has no recognized federal or constitutional right to be free from disclosure of confidential information by a state agency. *See Paul,* 424 U.S. at 712–13, 96 S.Ct. at 1166.

article, and because it asserts an identical injury to the plaintiff's reputation, it also fails to assert a cognizable section 1983 claim.

Finally, Count VI must be dismissed because it fails to state, or even assert, a section 1983 action. Count VI is a state law misrepresentation claim. Because there are no viable section 1983 actions in the complaint, this court has no subject matter jurisdiction over this or any remaining state law claim in the complaint. The plaintiff has failed to allege that this court has jurisdiction by virtue of diversity of citizenship. Indeed, the complaint discloses that defendants Westrin and Jewell and the plaintiff are citizens of Michigan. As such, this court cannot assert subject matter jurisdiction over any of the state law claims contained in the complaint. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

### *ORDER*

Therefore, it is hereby **ORDERED** that Counts I, II, and III of plaintiff's November 8, 1995 amended complaint are **DISMISSED** with prejudice as untimely filed beyond the statutory period of limitations.

**IT IS FURTHER ORDERED** that Counts IV, V and VI of plaintiff's November 8, 1995 amended complaint are **DISMISSED** as they fail to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

**SO ORDERED.**