Denise GAINES, Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF MICHIGAN, a Michigan corporation, and Jerry Hendrix, Defendants.

No. CIV.A. 02–40284.

United States District Court, E.D. Michigan, Southern Division.

May 2, 2003.

Scott P. Batey, Jonathan Sweik, Batey & Yochim, Bingham Farms, for Denise Gaines, plaintiff.

Bart M. Feinbaum, Blue Cross Blue Shield of Michigan, Detroit, Michael B. Rizik, Jr., Rizik & Rizik, Grand Blanc, for Blue Cross and Blue Shield of Michigan, Jerry Hendrix, defendants.

*OPINION AND ORDER DISMISSING ORDER TO SHOW CAUSE AND REMANDING PLAINTIFF'S STATE LAW CLAIMS*

GADOLA, District Judge.

Plaintiff filed the First Amended Complaint in this case in the State of Michigan Circuit Court for the County of Oakland, and Defendant Blue Cross Blue Shield of Michigan ("Defendant") removed the case to this Court. Plaintiff asserts four causes of action in the First Amended Complaint: *Count I* (sexual harassment in violation of the Michigan Elliott–Larsen Civil Rights Act); *Count II* (intentional infliction of emotional distress); *Count III* (battery); and *Count IV* (breach of contract).

Although the claims in the First Amended Complaint are pled under state law, Defendant contends that Plaintiff's breach of contract claim in Count IV is subject to complete preemption under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Accordingly, Defendant invokes this Court's federal question jurisdiction, 28 U.S.C. § 1331, in the Notice of Removal. Defendant appears to rely upon this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) with respect to Plaintiff's state law claims in Counts I, II and III.

This Court issued an Order to Show Cause directing Defendant to substantiate its jurisdictional allegations in the Notice of Removal. In response to the Court's Order, Defendant filed a brief, and Plaintiff filed a response to Defendant's brief.[1] For the reasons set forth below, the Court concludes that Plaintiff's breach of contract claim is subject to complete preemption under § 301 of the LMRA. Ac-

---

1. Defendant Jerry Hendrix also filed a response to the Court's Order to Show Cause. On April, 14 2003, Defendant Hendrix was dismissed from this action pursuant to the parties' stipulation. Therefore, the Court will not address Defendant Hendrix's response to the Order to Show Cause.

cordingly, this Court has subject matter jurisdiction over Count IV of the First Amended Complaint pursuant to 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over Plaintiff's state law claims in Counts I, II, and III. However, for reasons set forth below, the Court declines to exercise supplemental jurisdiction over those claims and shall remand Plaintiff's state law claims to the Circuit Court for the County of Oakland.

■ Under the doctrine of complete preemption, "[a]ny claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Claims arising under § 301 of the LMRA are subject to the doctrine of complete preemption. *See Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) ("For 20 years, this Court has singled out claims pre-empted by § 301 of the LMRA for such special treatment."); *Caterpillar,* 482 U.S. at 393, 107 S.Ct. 2425 ("The complete preemption corollary to the well-pleaded complaint rule is applied primarily in cases raising claims pre-empted by § 301 of the LMRA."). However, "Section 301 preempts only state law claims that are substantially dependent on analysis of a collective-bargaining agreement, not claims that only tangentially involve CBA provisions." *Fox v. Parker Hannifin Corp.,* 914 F.2d 795, 799–800 (6th Cir.1990) (internal quotation marks and citations omitted). "To determine whether a state law claim is preempted by section 301, this court must ascertain: (1) whether proof of the state law claim requires interpretation of the collective bargaining agreement, and (2) whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law." *Weatherholt v. Meijer, Inc.,* 922 F.Supp. 1227, 1231–32 (E.D.Mich.1996) (Gadola, J.) (citing *DeCoe*

*v. General Motors Corp.,* 32 F.3d 212, 216 (6th Cir.1994)).

■ Here, Plaintiff alleges in the First Amended Complaint that she was an employee of Defendant Blue Cross Blue Shield of Michigan. (First Amend. Comp. at ¶ 9.) In Count IV of the First Amended Complaint, labeled "breach of contract," Plaintiff alleges, in pertinent part:

34. The Master Agreement ('Agreement') effective between September 1, 1999 and August 31, 2002 constituted a valid and binding contract between Plaintiff and Defendant [Blue Cross Blue Shield of Michigan].

35. According to Article 9.1 of the Agreement, "Employees with seniority shall not be disciplined or discharged except for just cause."

36. At the time that Plaintiff's employment with Defendant [Blue Cross Blue Shield of Michigan] was terminated on June 6, 2002, Plaintiff was working full time and was an employee with seniority.

37. Plaintiff's employment was terminated for her alleged dishonesty during a corporate investigation and for misconduct....

38. According to Article 9.3.1 of the Agreement, "The Company ... recognizes that the purpose of discipline shall normally be to improve behavior or performance rather than to punish. **Therefore, the more severe disciplinary penalties of suspension and/or discharge are generally not administered, until lesser penalties, aimed at correction, are first utilized ....**"

39. Plaintiff relied upon the representations made by Defendant in the Agreement.

40. Defendant has neither demonstrated that Plaintiff has engaged in any

misconduct or that she was dishonest during any corporate investigation.

\* \* \* \* \* \*

42. In the event that Defendant had evidence of Plaintiff's alleged dishonesty and/or alleged misconduct, Defendant failed to administer "lesser penalties" and failed to follow the progressive disciplinary steps as represented in Article 9 of the Agreement.

43. Accordingly, Plaintiff's employment was terminated without just cause, constituting a material breach of the Agreement.

(First Amend. Comp. ¶¶ 34–40, 42–43.)

Based upon these allegations, it is abundantly clear that Plaintiff's breach of contract claim is preempted by § 301 of the LMRA. *See Int'l Bhd. of Electrical Workers v. Hechler,* 481 U.S. 851, 857, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987) ("The ordinary § 301 case is a contract claim in which a party to the collective-bargaining agreement expressly asserts that a provision of the agreement has been violated.").

Under the first step of the two-part preemption analysis outlined above, the Court concludes that resolution of Plaintiff's claim will depend upon the interpretation of a collective bargaining agreement. For example, Plaintiff alleges that, as an employee with "seniority" under the Master Agreement, she was exempt from discipline absent a showing of "just cause" under Article 9.1. (*See* First Amend. Compl. at ¶ 35.) Moreover, Plaintiff alleges that Defendant failed to demonstrate "just cause" for terminating her and that Defendant's decision to terminate her "constitut[ed] a material breach of the Agreement." (*See id.* at ¶ 40, 43.) Plaintiff also alleges that Defendant violated the Master Agreement by failing to administer the "lesser penalties" and progressive disciplinary steps outlined in Article 9 of the Agreement. (*See id.* at ¶ 42.) In light of these allegations, the Court agrees with

Defendant's contention that "[t]he determination of whether plaintiff's misconduct merited termination for just cause or not, or if just cause existed, [or] whether a lesser penalty other than discharge should have been administered ... goes to the meaning and interpretation of the collective bargaining agreement." (Def. Br. at 5.). Plaintiff's breach of contract claim is thus "inextricably intertwined with consideration of the terms of the labor contract." *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 213, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985).

Under the second step of the preemption analysis, the Court concludes that the rights claimed by Plaintiff arise solely under a collective bargaining agreement. Plaintiff's right to be exempt from discipline absent "just cause" and her entitlement to "lesser penalties" are created by the Master Agreement. Moreover, the Master Agreement "provides the only basis for the relationship between" Plaintiff and Defendant. *Terwilliger v. Greyhound Lines, Inc.,* 882 F.2d 1033, 1038 (6th Cir. 1989).

Accordingly, Plaintiff's breach of contract claim, although purporting to arise under state law, "is necessarily federal in character," *Metropolitan Life,* 481 U.S. at 67, 107 S.Ct. 1542, and thus is a cause of action within the Court's original jurisdiction, 28 U.S.C. § 1331.

Plaintiff's First Amended Complaint also alleges sexual harassment in violation of the Michigan Elliott–Larsen Civil Rights Act in Count I, intentional infliction of emotional distress in Count II, and battery in Count III. Defendant does not suggest that § 301 preemption applies to any of these claims. As an initial matter, the Court notes that Counts II and III, intentional infliction of emotional distress and battery, apparently were directed against Defendant Hendrix only. Defendant Hen-

drix was dismissed from this suit pursuant to the parties' stipulation on April 14, 2003. Accordingly, it appears that Counts II and III of the First Amended Complaint, intentional infliction of emotional distress and battery, no longer remain in this case, and thus the Court need not engage in any further analysis as to whether these claims are preempted under § 301.

The Court notes, however, that Plaintiff's claim for battery is most likely not subject to § 301 preemption. *See Workman v. United Fixtures Co.*, 116 F.Supp.2d 885, 896 (W.D.Mich.2000). The same is true of Plaintiff's intentional infliction of emotional distress claim. Although claims for intentional infliction of emotional distress may be preempted in certain circumstances, *see DeCoe*, 32 F.3d at 219–20, Plaintiff's claim in the present case does not appear to require the interpretation of the collective bargaining agreement and is of course a claim arising under state law, *see Williams v. York Int'l Corp.*, 63 Fed.Appx. 808 (6th Cir.2003). Therefore, Plaintiff's intentional infliction of emotion distress claim would likely not be subject to preemption under § 301.

Count I, sexual harassment in violation of the Michigan Elliott–Larsen Civil Rights Act, is directed against Defendant Blue Cross Blue Shield of Michigan. As noted above, however, Defendant does not contend that § 301 preempts this claim, and the Court agrees with Defendant's conclusion. *See Simmons v. Daimler Chrysler Corp.*, No. 99–76093, 2000 WL 424198, at *3 (E.D.Mich. March 13, 2000); *cf. Tisdale v. Local 704*, 25 F.3d 1308, 1311 (6th Cir.1994) (concluding that a race discrimination claim under Michigan's Elliott–Larsen Civil Rights Act "may not be

removed because it arises from an independent body of state substantive rights and does not invoke any legal ground that has been preempted by federal labor law. Nor is the claim inextricably intertwined with consideration of the terms of the labor contract.") (internal quotation marks and citation omitted).

■ For the foregoing reasons, the Court concludes that Plaintiff's breach of contract claim in Count IV is subject to complete preemption under § 301 of the LMRA and thus is within this Court's original jurisdiction. *See* 28 U.S.C. § 1331. Therefore, this case was removed properly pursuant to 28 U.S.C. § 1441(a). With respect to Plaintiff's remaining state law claims, Defendant appears to rely upon this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) in the Notice of Removal. For the reasons set forth below, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and will remand those claims to the State of Michigan Circuit Court for the County of Oakland.[2]

Under the standard enunciated in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) and codified in 28 U.S.C. § 1367(c), this Court has broad discretion to exercise its supplemental jurisdiction. Even where "the [Court] arguably ha[s] supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), the [C]ourt has discretion to decline to exercise its supplemental jurisdiction..." *Cirasuola v. Westrin*, No. 96–1360, 1997 WL 472176, at *1 (6th Cir. Aug.18, 1997), *aff'g*, 915 F.Supp. 909 (E.D.Mich.1996) (Gadola, J.).

---

**2.** The Court noted above that Counts II and III, which apparently were directed against Defendant Hendrix only, no longer remain in this case following the dismissal of Defendant Hendrix on April 14, 2003. However, to the extent that Counts II and III remain against Defendant Blue Cross Blue Shield of Michigan, those Counts are remanded to state court.

As the Supreme Court recently held in *City of Chicago v. Int'l Coll. of Surgeons:*

[T]o say that the terms of § 1367(a) authorize the district courts to exercise supplemental jurisdiction over state law claims ... does not mean that the jurisdiction must be exercised in all cases. Our decisions have established that pendent jurisdiction "is a doctrine of discretion, not of plaintiff's right," [*Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130], and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons, [*id.* at 726–27, 86 S.Ct. 1130]. *See also* [*Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) ] ("As articulated by *Gibbs*, the doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values"). Accordingly, we have indicated that "district courts [should] deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." [*Id.* at 357, 108 S.Ct. 614].

The supplemental jurisdiction statute codifies these principles. After establishing that supplemental jurisdiction encompasses "other claims" in the same case or controversy as a claim within the district courts' original jurisdiction, § 1367(a), the statute confirms the discretionary nature of supplemental jurisdiction. . . .

Depending on a host of factors, then—including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims—district courts may decline to exercise jurisdiction over supplemental state law claims.

The statute thereby reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *Cohill,* [484 U.S. at 350, 108 S.Ct. 614].

522 U.S. 156, 172–73, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997). *See also San Pedro Hotel Co. v. City of Los Angeles,* 159 F.3d 470, 478–79 (9th Cir.1998); *Rodriguez v. Doral Mortgage Corp.,* 57 F.3d 1168, 1177 (1st Cir.1995); *Borough of West Mifflin v. Lancaster,* 45 F.3d 780, 788 (3d Cir.1995); *Diven v. Amalgamated Transit Union Int'l & Local 689,* 38 F.3d 598, 601 (D.C.Cir.1994); *Brazinski v. Amoco Petrol. Additives Co.,* 6 F.3d 1176, 1182 (7th Cir.1993). *But cf. Itar–Tass Russian News Agency v. Russian Kurier, Inc.,* 140 F.3d 442, 447–48 (2d Cir.1998).

■ Therefore, in exercising its discretion, the Court must look to considerations of judicial economy, convenience, fairness, and comity, and avoid needless decisions of state law. *See Int'l Coll. of Surgeons,* 522 U.S. at 173, 118 S.Ct. 523; *Cohill,* 484 U.S. at 350, 108 S.Ct. 614; *Gibbs,* 383 U.S. at 726, 86 S.Ct. 1130; *see also* 13B C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3567.1 (2d ed.1984).

Litigation in the federal courts involving federal law claims together with supplemental state law claims has caused procedural and substantive problems. Although the federal and state claims in this action appear to arise out of the same factual situation, litigating these claims together may not serve judicial economy or trial convenience.

Because federal and state law each have a different focus, and because the two bodies of law have evolved at different times and in different legislative and judicial systems, in almost every case with

supplemental state claims, the courts and counsel are unduly preoccupied with substantive and procedural problems in reconciling the two bodies of law and providing a fair and meaningful proceeding.

The attempt to reconcile these two distinct bodies of law often dominates and prolongs pre-trial practice, complicates the trial, makes the jury instructions longer, confuses the jury, results in inconsistent verdicts, and causes post-trial problems with respect to judgment interest and attorney fees. Thus, it appears that in many cases the apparent judicial economy and convenience of the parties' interest in the entertainment of supplemental state claims may be offset by the problems they create.

Such is the case here. Plaintiff's state law claims may substantially expand the scope of this case beyond that necessary and relevant to Plaintiff's § 301 claim, and thus the state law claims substantially predominate. Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. *See* 28 U.S.C. § 1367(c)(2); *Broad, Vogt & Conant, Inc. v. Alsthom Automation, Inc.,* 186 F.Supp.2d 787, 790–91 (E.D.Mich.2002) (Gadola, J.); *see also Rugumbwa v. Betten Motor Sales, Inc.,* 200 F.R.D. 358, 368 (W.D.Mich.2001); *Eddins v. Excelsior Indep. Sch. Dist.,* 88 F.Supp.2d 690, 695 (E.D.Tex.2000); *Caraballo v. S. Stevedoring, Inc.,* 932 F.Supp. 1462, 1465 (S.D.Fla. 1996); *James v. Sun Glass Hut, Inc.,* 799 F.Supp. 1083, 1084–85 (D.Colo.1992).

Accordingly,

**IT IS HEREBY ORDERED** that the Court's Order to Show Cause [docket entry 7] is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's state law claims, in their entirety, are **REMANDED** to the State of Michigan Circuit Court for the County of Oakland.

**IT IS FURTHER ORDERED** that only Plaintiff's claim arising under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, shall remain before this Court.

**SO ORDERED.**