PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4676
_____

STATE OF NEW JERSEY,
DEPARTMENT OF TREASURY,
DIVISION OF INVESTMENT,
o/b/o COMMON PENSION FUND A

v.

MERRILL LYNCH & CO., INC.;
BANK OF AMERICA CORPORATION,
<u>Appellants</u>
_____

Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 2-09-cv-04526)
District Judge:  Honorable Stanley R. Chesler
_____

Argued February 9, 2011
Before:  JORDAN, GREENAWAY, JR.,
and WEIS, <u>Circuit</u> <u>Judges</u>.

(Filed:  May 18, 2011)
_____

Scott D. Musoff, Esquire (ARGUED)
Jay B. Kasner, Esquire
Andrew Muscato, Esquire
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036

Attorneys for Appellants Merrill Lynch & Co., Inc., and Bank
of America Corporation


Lester L. Levy, Esquire (ARGUED)
WOLF POPPER LLP
845 Third Avenue, 12th Floor
New York, New York  10022

Jeffrey W. Herrmann, Esquire
Peter S. Pearlman, Esquire
COHN LIFLAND PEARLMAN HERRMANN & KNOPF
LLP
Park 80 West-Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey  07663

Attorneys for Appellee State of New Jersey, Department of
Treasury, Division of Investment, on behalf of Common
Pension Fund A

_____

OPINION
_____

WEIS, Circuit Judge.

The dispute in this appeal is a narrow one, centering on the interpretation of a forum selection clause that provides: "exclusive jurisdiction . . . shall lie in the appropriate courts of the State [of] New Jersey." Plaintiff argues that this language constitutes a waiver of the right to remove the pending litigation to the federal district courts in New Jersey. Defendant responds that the clause contemplates jurisdiction in either the state or the federal courts located in New Jersey. The District Court agreed with plaintiff and remanded the matter to the Superior Court of New Jersey. We will affirm.

Plaintiff, a division within New Jersey's Department of Treasury,[1] purchased $300 million in preferred stock issued by defendant Merrill Lynch[2] in January 2008. Some months later, Merrill Lynch asked New Jersey to convert its preferred shares to common stock. New Jersey agreed, so long as the terms of the conversion were as favorable as the terms governing the exchange of other stockholders' preferred shares. Merrill Lynch acceded to that demand, which was memorialized in the parties' Share Exchange Agreement ("Agreement"), in July 2008.

Approximately one year later, the State commenced this action in the Superior Court of New Jersey, alleging that Merrill

---

[1] For simplicity's sake, we refer to plaintiff as "New Jersey" or "the State."

[2] Defendant Bank of America Corp. merged with Merrill Lynch in January 2009 and is bound to the terms of the agreements at issue. Accordingly, we refer to defendants as "Merrill Lynch."

3

Lynch breached the Agreement by converting another shareholder's preferred stock in terms more favorable than those granted to the State. New Jersey also alleged that financial disclosures produced by Merrill Lynch prior to the conversion had been incomplete or misleading.

Merrill Lynch removed the action to the United States District Court for the District of New Jersey, citing the "strong federal interest" in the case and asserting that issues under the Securities Exchange Act were embedded in the complaint. New Jersey moved to remand, arguing, inter alia, that the Agreement's forum selection clause mandated that all disputes be resolved in New Jersey's state courts.

Merrill Lynch responded that the forum selection clause required only that the matter proceed in a court located in the State of New Jersey. The District Court disagreed, noting that every Court of Appeals confronted with a similar forum selection clause "ha[d] ruled that the reference to courts of the state . . . limits jurisdiction to state rather than federal tribunals."[3] It reasoned that such interpretation was consistent with the plain and ordinary meaning of the contractual language.

---

[3] Citing Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005), Merrill Lynch also argued that federal jurisdiction was proper because the complaint's implication of federal securities statutes would require the court to interpret federal law to resolve the matter. The District Court found this argument "extremely dubious" but ultimately did not reach the issue.

Merrill Lynch made, at most, a vague reference to this contention in a footnote in its principal brief on appeal, though it devoted several pages to the argument in its reply. Failure to set

Accordingly, the District Court remanded the case to the New Jersey Superior Court.

Generally, this Court has no jurisdiction over appeals from orders remanding a matter to state court. 28 U.S.C. § 1447(d). We have, however, recognized an exception where the remand is based on reasons not specified in 28 U.S.C. § 1447(c). See Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1211 (3d Cir. 1991) ("§ 1447(d) does not bar review of the order of the district court remanding this case [based upon forum selection clause] . . . and that order is considered 'final' so as to vest this court with jurisdiction to hear this appeal").[4]

Because the issue at hand is one of contractual construction, our standard of review is plenary. See id. at 1216 (citing cases).

"[A] defendant can contractually waive his right to remove . . . an action brought . . . in a state court." 14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice & Procedure § 3721, at 97 (4th ed. 2009). Such waivers are usually upheld if they are reasonable

forth an issue on appeal and present arguments in support of that issue in one's opening brief generally amounts to "abandon[ment] and waive[r of] that issue . . . and it need not be addressed by the court of appeals." Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

[4] Other Courts of Appeals have held similarly. See, e.g., Regis Assocs. v. Rank Hotels (Mgmt.) Ltd., 894 F.2d 193, 194-95 (6th Cir. 1990); Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp., 838 F.2d 656, 658-59 (2d Cir. 1988).

and voluntary and if their enforcement is not inconsistent with public policy. See id. at 97-98; Foster, 933 F.2d at 1219 (forum selection clause unreasonable where party makes "strong showing" that inconvenience of designated forum will effectively deprive him of day in court or that clause resulted from fraud or duress).

The parties in this case, sophisticated organizations both, were represented by counsel during the negotiation and adoption of the forum selection clause at issue.[5] Merrill Lynch's draft agreement proposed that the contract be construed under New York law and "that any suit, action or proceeding . . . arising out of . . . this Agreement . . . may only be brought in the United States District Court for the Southern District of New York or any New York State court sitting in . . . Manhattan."

With certain exceptions not relevant here, the State agreed that New York law would govern the agreement. On the other hand, it objected to Merrill Lynch's choice of forum and suggested the following provision instead: "In connection with any dispute, controversy or claim arising out of . . . [this Agreement], each of the parties hereto agrees . . . that exclusive jurisdiction and venue shall lie in the appropriate courts of the State [of] New Jersey." Merrill Lynch incorporated the State's

---

[5]  This negotiation took place prior to New Jersey's January 2008 purchase of Merrill Lynch preferred stock, and the resulting forum selection clause was memorialized in the agreement governing that purchase. The forum selection provision in the Share Exchange Agreement, from which the current dispute arose, is identical to the clause agreed on by the parties in January 2008.

proposed forum selection language *verbatim* into the final Agreement.

In determining whether parties have contractually waived the right to remove to federal court, a court should "simply . . . us[e] the same benchmarks of construction and, if applicable, interpretation as it employs in resolving all preliminary contractual questions." Foster, 933 F.2d at 1217 n.15. Although some courts have required that waivers of removal rights be "clear and unequivocal," they have done so in the context of non-contractual, litigation-based waivers or have relied upon such cases. See id. (citing cases). We recognized in Foster a distinction between those cases and the one then before us and concluded that a "clear and unequivocal" standard "serv[ed] no meritorious policy of litigation" and was "so stringent as to be contrary to the right of parties to contract in advance regarding where they will litigate." Id. Accordingly, we look to the "plain and ordinary meaning" of the forum selection clause to determine whether it amounted to a waiver of the right to remove. See Buono Sales, Inc. v. Chrysler Motors Corp., 449 F.2d 715, 721 (3d Cir. 1971) ("the wording of a contract is to be given its plain and ordinary meaning").

As it did in the District Court, Merrill Lynch argues that the plain and ordinary meaning of the phrase "appropriate courts of the State [of] New Jersey" includes both state and federal courts in New Jersey, for two reasons. First, the reference to "courts" in the plural sense, in light of New Jersey's unified Superior Court, must include the federal courts located in that state. Second, the word "of" denotes the geographic location of the "appropriate courts," rather than the governmental entity from which they derive their authority.

7

We do not agree. As the District Court noted, the New Jersey Superior Court may be a unified "court," but it boasts fifteen vicinages throughout the twenty-one counties at the trial level. The use of the plural "courts" is best read as a vestigial reference to the many tribunals comprising the Superior Court of New Jersey, not the federal district courts in the state.

This is particularly true when the small but significant word following "courts" in the forum selection clause -- "of" -- is taken into account. "Of" "indicat[es] a possessive relationship" or "such relationships as ruler and subject, [or] owner and property." Webster's Third New Int'l Dictionary of the English Language 1565 (Unabr. ed. 1968). "Of" also means "from as the place of birth, production, or distribution: having as its base of operation, point of initiation, or source of issuance or derivation." Id.

After examining the contrast between the meanings of "in" and "of" in forum selection clauses, the Court of Appeals for the Fourth Circuit adopted "the widely-accepted rule that . . . '*in* [a state]' express[es] the parties' intent as a matter of geography, permitting jurisdiction in both the state and federal courts of the named state." FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC, 626 F.3d 752, 755 (4th Cir. 2010) (emphasis added). On the other hand, "'*of* [a state]' connote[s] sovereignty, limiting jurisdiction . . . to the state courts of the named state." Id. (emphasis added). The Fifth Circuit put it more pithily: "Federal district courts may be *in* [a state], but they are not *of* [that state]." Dixon v. TSE Int'l Inc., 330 F.3d 396, 398 (5th Cir. 2003) (per curiam).

Notwithstanding the plain and ordinary meaning of the contractual language, Merrill Lynch relies heavily on Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995). There, we

8

held that a forum selection clause that referred to a "court of record in the county" included either the state court or the federal court in the judicial district encompassing that county. 55 F.3d at 881-82.

The forum selection clause in Jumara was part of an automobile insurance agreement requiring arbitration of disputes. That clause incorporated, and its interpretation was driven by, Pennsylvania's Uniform Arbitration Act, which, we had previously held, was not intended to provide exclusive jurisdiction to the Pennsylvania state courts. See id. at 881; Allstate Ins. Co. v. Gammon, 838 F.2d 73, 76-77 (3d Cir. 1988). Indeed, we had recognized that interpreting the statute in a way that denied parties access to federal courts "might well run afoul of the Supremacy Clause." Gammon, 838 F.2d at 77 n.7.

There is no such concern in this case. The forum selection clause here does not rely upon the interpretation of any statute, state or federal; rather, it is the bargained-for result of the parties' counseled negotiation. Jumara is not at odds with the District Court's ruling.

We further note, as did the District Court, that the vast majority of our sister circuits have held that forum selection clauses like the one at issue here required remand to the state court. See, e.g., FindWhere Holdings, 626 F.3d at 754 ("'[j]urisdiction and venue of any dispute . . . shall lie exclusively in, or be transferred to, the courts of the State [sic] of Virginia, USA'"); Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc., 428 F.3d 921, 924 (10th Cir. 2005) ("'the Courts of the State of Colorado shall be the exclusive forum . . .'"); Dixon, 330 F.3d at 397 ("'[t]he Courts of Texas, U.S.A. shall have jurisdiction . . .'"); LFC Lessors, Inc. v. Pac. Sewer Maint. Corp., 739 F.2d 4, 6 (1st Cir. 1984) ("'the rights . . . of the

parties hereto [shall be] determined . . . in the courts[ ] of the Commonwealth of Massachusetts'").[6]

The other cases on which Merrill Lynch relies are not binding on us and are unpersuasive in their reasoning. In Regis Associates v. Rank Hotels (Management) Ltd., 894 F.2d 193 (6th Cir. 1990), for example, the Court applied a "clear and unequivocal" standard in determining whether defendant had waived its right to removal. 894 F.2d at 195. We have expressly rejected that stringent standard.[7] Foster, 933 F.2d at 1217 n.15.

Merrill Lynch also contends that, since the State drafted the forum selection clause, that provision's ambiguous language must be construed against the State. We do not agree that the

---

[6] Cf. Doe 1 v. AOL LLC, 552 F.3d 1077, 1080 (9th Cir. 2009) (per curiam) (holding that "'exclusive jurisdiction for any claim . . . resides in the courts of Virginia'" limited jurisdiction to state courts, but declining to enforce clause, as to California residents only, for public policy reasons).

[7] Also distinguishable are Global Satellite Communication Co. v. Starmill U.K. Ltd., 378 F.3d 1269 (11th Cir. 2004), and Northwest Airlines, Inc. v. Astraea Aviation Services, Inc., 111 F.3d 1386 (8th Cir. 1997). The forum selection language in Global Satellite differed significantly from the clause we are now confronted with. 378 F.3d at 1271 (parties had "'agree[d] . . . to submit to the jurisdiction of Broward County, Florida'" not "courts of" that state or county). And, while the clause in Northwest Airlines mirrored the one at issue here, the Court did not address whether remand was required, apparently because neither party raised the question. 111 F.3d at 1390-95.

clause is ambiguous for the reasons already stated. Further, while contra proferentem may be the general rule, "[a]pplication of the rule may be . . . limited by the degree of sophistication of the contracting parties or the degree to which the contract was negotiated." 11 Williston on Contracts § 32:12, at 480-81 (4th ed. 1999). See also Cummins, Inc. v. Atl. Mut. Ins. Co., 867 N.Y.S. 2d 81, 83 (N.Y. App. Div. 2008) (doctrine of contra proferentem inapplicable where parties, both sophisticated entities, had equal bargaining power in drafting agreement).

In sum, we find that the forum selection clause memorializes the parties' intention to litigate all contractual disputes in the state courts of New Jersey and thus was a waiver of the right to removal.

Accordingly, the remand order will be affirmed.