**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2095
_____

HOWARD GORRELL,
                                        Appellant
v.

COMMISSIONER OF SOCIAL SECURITY

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-07-cv-02247)
District Judge:  Honorable Malcolm Muir
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 19, 2011
Before:  RENDELL, FUENTES and WEIS, <u>Circuit</u> <u>Judges</u>
(Opinion filed: October 28, 2011)
_____

OPINION
_____

PER CURIAM.

        Howard Gorrell appeals from a final order of the District Court affirming

the Commissioner of Social Security's ("Commissioner") decision to deny Gorrell's

application for disability insurance benefits.  Gorrell raises two issues on appeal:  (1) the

District Court abused its discretion by denying Gorrell's request for court-appointed

counsel, and (2) the District Court erred by denying Gorrell's motion for an order to show

cause.  After a careful review of the record, we will affirm.

## I.

The parties are familiar with the background, and thus we merely summarize for purposes of addressing the issues on appeal. Gorrell, who was born in 1944, applied for disability insurance benefits in 1995 and was found to be disabled due to deafness. Gorrell continued to work thereafter. In 2004, the Social Security Administration issued notice that Gorrell's disability had ended due to substantial gainful employment activity, and it sought to recoup overpaid benefits. After a hearing in 2006, an Administrative Law Judge ("ALJ") determined that Gorrell had been overpaid $24,364 in benefits due to his work activity. In 2007, the Appeals Council denied review.

Gorrell appealed to the District Court and was granted leave to proceed in forma pauperis. He moved for an appointment of counsel under 28 U.S.C. § 1915(e)(1), which the Magistrate Judge denied. The Commissioner then moved to remand the case due to an inability to locate a recording of the merits hearing before the ALJ, noting that, if the recording was not found, the Appeals Council would remand for a de novo hearing. On September 8, 2008, the District Court granted the Commissioner's motion to remand.

On August 20, 2010, Gorrell filed a motion in the District Court for an order to show cause as to why the Commissioner had failed to arrange for a de novo hearing. Shortly thereafter, the Commissioner moved to reopen the case, explaining that the administrative record was now complete. The District Court granted the motion to reopen, and the Commissioner filed an answer to the complaint along with a transcript of

2

the full administrative record.  Gorrell moved for reconsideration of the order denying his motion for appointment of counsel, which the District Court denied.

Gorrell then moved for summary judgment, arguing that the Social Security Act violates his right to equal protection because blind individuals are entitled to earn more than non-blind individuals while still receiving disability benefits.  Construing Gorrell's motion for summary judgment as a brief in support of his appeal, and after full briefing from both parties, the District Court entered judgment for the Commissioner and affirmed the decision to deny benefits.  The District Court also denied Gorrell's pending motions, including his motion for an order to show cause.  Gorrell timely filed this appeal.

**II.**

We have appellate jurisdiction under 28 U.S.C. § 1291.  As mentioned, Gorrell has chosen to limit the issues on appeal to the denial of his motion for appointment of counsel and the denial of motion for an order to show cause.  Because Gorrell does not raise a challenge to the District Court's affirmance of the denial of benefits, including its decision to reject Gorrell's equal protection argument, we deem those issues waived and do not address them.  See, e.g., New Jersey v. Merrill Lynch & Co., 640 F.3d 545, 547 n.3 (3d Cir. 2011) ("Failure to set forth an issue on appeal and present arguments in support of that issue in one's opening brief generally amounts to 'abandon[ment] and waive[r of] that issue . . . and it need not be addressed by the court of appeals.'") (quoting Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993)).

3

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Civil litigants "have no statutory right to appointed counsel," Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), but § 1915(e)(1) "gives district courts broad discretion to request an attorney to represent an indigent civil litigant." Id. In addressing a request for court-appointed counsel, a district court first should consider whether the plaintiff's claims have merit. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). If so, the district court should consider: "(1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf." Id. We review a decision to deny counsel under § 1915(e)(1) for abuse of discretion. Id.

The Magistrate Judge considered the above-mentioned factors and denied Gorrell's motion, explaining as follows:

> In this case, [Gorrell] concedes that "he seems capable of presenting his own case based on his numerous filings with state courts in Delaware, Maryland and Pennsylvania, federal courts in Delaware and Maryland and federal investigative agencies since 1996." [Gorrell] further admits that he is literate and educated, that he has access to a legal research system, (i.e., Lexis Nexis), and that he is a "devoted 'Civil Gideon' advocate." [Gorrell] indicates that he has "excellent research skill." He indicates that there is no issue with respect to credibility determinations in his case, that he is capable of acquiring and compiling the factual information

4

for his case in a logical and organized fashion, and that his case will not require any expert testimony. [Gorrell]'s main concern appears to be that his deafness prevents him from communicating orally and prevents him from interviewing or examining witnesses. However, because this is an action pursuant to [42 U.S.C.] § 405(g), it is a record review for which only written submissions will be required. There will be no need to communicate orally with either the court or witnesses. [Gorrell]'s secondary concern is apparently the complexity of the issues in this case. However, the issues in this action are not overly complex. The court finds that given the leeway afforded *pro se* litigants and the quality of the submissions of [Gorrell] thus far, there is no need for the appointment of counsel.

Docket # 12 at 3-4.

Gorrell contends that, because other district courts had appointed counsel to represent him in unrelated prior suits, it was error not to appoint counsel here. He further contends that: the District Court was "too quick" to deny his motion for reconsideration of the order refusing appointed counsel;[1] he was unable to locate an attorney through his own extensive efforts; the issues are complex; and there are "exceptional circumstances" because Gorrell believes that no lawyer practicing in the Middle District of Pennsylvania has the expertise to handle a disability overpayment case.[2]

We have carefully considered Gorrell's arguments, but we cannot conclude

---

[1] Gorrell moved for reconsideration on November 17, 2010, and the District Court entered an order denying the motion the next day. The District Court then sua sponte revisited Gorrell's motion for reconsideration in its final order, and it again concluded that counsel was properly denied. See Docket # 46 at 16-17.

[2] This Court does not require litigants to show "exceptional circumstances" to obtain court-appointed counsel. Tabron, 6 F.3d at 155.

5

that the District Court abused its discretion. "An abuse of discretion arises when the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." Morgan v. Perry, 142 F.3d 670, 682 (3d Cir. 1998) (quotation marks omitted). "[A]n abuse of discretion [also] can occur when no reasonable person would adopt the district court's view." Rode v. Dellarciprete, 892 F.2d 1177, 1182 (3d Cir. 1990). We will not disturb an exercise of discretion "unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Hanover Potato Prods., Inc. v. Shalala, 989 F.2d 123, 127 (3d Cir. 1993) (quotation marks omitted).

Gorrell points to no erroneous factual determination or conclusion of law, and we are satisfied that the Magistrate Judge thoughtfully weighed the relevant Tabron factors. While Gorrell believes that he would have benefitted from the services of a lawyer, the record reflects that Gorrell ably, albeit unsuccessfully, briefed and presented his cause pro se. Moreover, Gorrell has made no showing that his deafness in any way prejudiced his ability to represent his interests before the District Court. Although other courts have chosen in the past, within their own discretion, to appoint counsel for Gorrell in unrelated suits, that fact does not suggest that the District Court here was under a compulsion to appoint counsel after considering the particular circumstances of this case. Nor do we discern error in the speed with which the District Court denied Gorrell's motion for reconsideration, as the substance of the District Court's decision reveals no

6

error in its reasoning. In sum, while we acknowledge Gorrell's evident frustration in failing to locate counsel willing to represent him, we conclude that the District Court acted within its broad discretion in refusing to appoint a lawyer to represent Gorrell.

Gorrell next contends that the Commissioner waited too long between remand of his case to the agency (September 8, 2008) and moving to reopen after completion of the administrative record (September 1, 2010). As a result, Gorrell contends, the District Court should have granted his motion for an order to show cause to compel the Commissioner to arrange for a de novo merits hearing before the ALJ. Gorrell suggests that the District Court erred because it "did not rule on" his motion for an order to show cause, Appellant's Br. at 17,[3] and he argues that the Commissioner failed to comply with a requirement to advise the district court within a reasonable period of time that the remanded proceedings had concluded.

We agree with the Commissioner that the issue of a de novo hearing before the ALJ became moot once a recording of the original hearing was located. At that point, there was no need for the District Court to enter a show cause order regarding a potential remand because there was no cause to remand for a de novo hearing. Gorrell cites no evidence that he suffered prejudice due to the manner in which his case was reopened after completion of the administrative record. The delay of almost two years between remand and reopening of this case is unexplained on the record before us, and such a

---

[3] The record is clear that the District Court expressly denied Gorrell's motion for an order to show cause, see Docket # 46 at 16, and thus we reject any claim of error based on a failure to rule on the motion.

7

lengthy lapse of time seems difficult to comprehend when the only issue to be resolved on remand was whether a recording of the hearing before the ALJ could be located. Nevertheless, the delay here did not warrant a de novo hearing once it was clear that the Commissioner had located the missing recording. We therefore discern no error in the District Court's denial of Gorrell's motion for an order to show cause.

### III.

We have considered Gorrell's remaining contentions, including those presented in his reply brief, but we find them without merit and in need of no separate discussion. For the foregoing reasons, we will affirm the District Court's judgment.