**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2280
_____

MICHAEL MICKENS
Appellant

v.

CBF TRUCKING, INC., JAMIE FINKLE,
TEAMSTERS LOCAL UNION NO. 701, JOHN DOE 1-10,
and ABC CORP. 1-10

_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 2-11-cv-03811)
District Judge:  Honorable Katharine S. Hayden
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 22, 2014

Before:  FUENTES, FISHER, *Circuit Judges*, and JONES, *District Judge*.[1]

(Opinion Filed: March 5, 2014 )

---

[1]Honorable C. Darnell Jones, II, United States District Court for the Eastern District of
Pennsylvania, sitting by designation.

_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*:

Michael Mickens appeals the District Court's dismissal of his claims against CBF Trucking and Jamie Finkle (collectively "CBF Trucking Defendants") for violating the New Jersey Law Against Discrimination ("NJLAD"). Additionally, he appeals the dismissal of his claim against his former union, Local Union No. 701 (the "Union"), for breaching its duty of fair representation to Mickens.[2] Because he fails to demonstrate a prima facie case of NJLAD retaliation and to establish that the Union breached its duty of fair representation, we affirm the District Court's dismissal of the case.

## I.

Mickens began working for his former employer, CBF Trucking, in 2005 and was a member of the Union at all relevant times. CBF Trucking is a mail contractor that works with the United States Postal Service to move mail. Jamie Finkle is the company's General Counsel and manager. In April 2008, Mickens sued CBF Trucking for discrimination. The company fired Mickens while that suit was pending. After arbitration and judicial review in the District of New Jersey and this Court, Mickens's employment

---

[2] Because Mickens did not argue in his opening brief that CBF Trucking breached its collective bargaining agreement with the Union, he has abandoned his breach of contract claim against CBF Trucking. *See New Jersey v. Merrill Lynch & Co., Inc.*, 640 F.3d 545, 547 n.3 (3d Cir. 2011).

was reinstated. The previous discrimination claims against CBF Trucking are not at issue in this case.

Upon his return to work, Mickens did not receive his prior 58-hour work schedule. Mickens later filed suit, alleging that the CBF Defendants retaliated against him for filing his 2008 complaint and pursuing arbitration, in violation of NJLAD. Specifically, Mickens alleged that the CBF Defendants violated NJLAD by: failing to reinstate him to his prior work schedule, giving extra work hours to lease drivers instead of Union drivers, and delaying his receipt of retroactive pay, among other actions. He also alleged that CBF Trucking breached its collective bargaining agreement with the Union and that the Union breached its duty of fair representation by failing to enforce that agreement.

The parties filed cross motions for summary judgment, and the District Court responded by denying Mickens's motion, granting summary judgment in favor of the CBF Defendants and the Union, and dismissing the case. In granting summary judgment for the defendants, the District Court noted that Mickens's lawsuit was "fatally damaged by a lack of evidence supporting his claims" and that his written submissions were "frustrating and inadequate." CBF App. 39. Mickens filed this appeal.[3]

---

[3] We exercise plenary review over a grant of summary judgment. *Gottshall v. Consol. Rail Corp.*, 56 F.3d 530, 533 (3d Cir. 1995). Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the court must interpret the facts in the light most favorable to the non-movant. *Watson v. Abington Twp.*, 478 F.3d 144, 147 (3d Cir. 2007). We have jurisdiction to review the final order of the District Court pursuant to 28 U.S.C. § 1291.

## II.

To demonstrate a prima facie case of retaliation under NJLAD, Mickens must show that: "(1) [he] engaged in a protected activity known by the employer; (2) thereafter [his] employer unlawfully retaliated against [him]; and (3) [his] participation in the protected activity caused the retaliation." *El-Sioufi v. St. Peter's Univ. Hosp.*, 887 A.2d 1170, 1187 (N.J. Super. Ct. App. Div. 2005) (quoting *Craig v. Suburban Cablevision*, 660 A.2d 505, 508 (N.J. 1995) and citing *Abramson v. William Paterson College*, 260 F.3d 265 (3d Cir. 2001)). For substantially the same reasons set forth in the District Court's thorough and persuasive opinion, we conclude that Mickens is not entitled to relief under NJLAD because he has not established a prima facie case of retaliation. Therefore, we affirm the District Court's grant of summary judgment in the CBF Defendants' favor as to Mickens's NJLAD claims.

## III.

The Supreme Court has held that a union's "breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). We agree with the District Court that Mickens has presented "no such evidence, and barely even any allegations" that the Union acted arbitrarily, in a discriminatory fashion, or in bad faith. CBF App. 36. Accordingly, we affirm the District Court's grant of summary judgment in favor of the Union as to Mickens's unfair representation claim.

4

**IV.**

For the foregoing reasons, we affirm the District Court's dismissal of the case.