NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-4381
_____

GOVERNMENT OF THE VIRGIN ISLANDS

v.

RICHARD FAHIE,

Appellant

_____

On Appeal From the District Court of the Virgin Islands
(D.C. Crim. App. No. 3-06-cr-00027-001)
Chief Judge: Hon. Curtis V. Gómez
District Judge: Hon. Raymond L. Finch
Superior Court Judge: Hon. Julio A. Brady

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 16, 2014

Before: RENDELL, FUENTES and GREENAWAY, JR., *Circuit Judges*.

(Opinion Filed: July 18, 2014)

—————————

OPINION OF THE COURT

—————————

FUENTES, *Circuit Judge*.

Richard Fahie appeals his convictions and requests a new trial. Fahie argues that his attorney provided ineffective assistance, and he contends that the Superior Court erroneously admitted certain testimony. For the reasons that follow, we affirm.

## I. Factual and Procedural Background

On April 9, 2005, Patrick Benjamin was shot near the Tau Club in the Smith Bay area of St. Thomas. Officer Earl Mills was dispatched to the scene of the shooting. When he arrived, Mills observed Benjamin on the ground, lying in blood. Benjamin was taken to the hospital and treated by Dr. Sidney Commissiong for gunshot wounds in his left shoulder, left hand, and back.

Detective Joel Dowdye visited Benjamin in the hospital and interviewed him about the shooting. Dowdye later provided Benjamin a photo array of six faces from which Benjamin identified Fahie as the shooter. Fahie was subsequently arrested.

The government filed a five-count Information against Fahie, which was later amended. Count One charged Fahie with attempted first degree murder, in violation of 14 V.I.C. §§ 921, 922(a)(1), and 331. Count Two charged Fahie with carrying an unlicensed firearm during the attempted commission of a first degree murder, in violation of 14 V.I.C. §§ 2253(a), 921, 922(a)(a), and 331. Count Three charged Fahie with first degree assault, in violation of 14 V.I.C. § 295(1). Count Four charged Fahie with carrying an

unlicensed firearm during the commission of a first degree assault, in violation of 14 V.I.C. §§ 2253(a) and 295(1). Finally, Count Five charged Fahie with possession of ammunition, in violation of 14 V.I.C. § 2256(a).

The case proceeded to trial, during which the government presented testimony from Mills, Dowdye, Commissiong, and Benjamin. Both Mills and Dowdye testified that, on multiple occasions, Benjamin identified Fahie as the shooter. Benjamin himself testified that, after he was shot, he yelled, "Richard Fahie from Bordeaux shot me." J.A. 90. After a two-day trial, the jury found Fahie guilty on Counts One, Two, Three, and Four of the amended Information. The jury found Fahie not guilty on Count Five.

Fahie appealed to the Appellate Division of the District Court of the Virgin Islands. He asserted that his attorney provided ineffective assistance. He also argued that the Superior Court erroneously admitted hearsay testimony by Mills, Dowdye, Benjamin, and Commissiong and character testimony by Benjamin. The Appellate Division declined to address Fahie's ineffective assistance of counsel claim. In pertinent part, the Appellate Division explained that "the record is inadequate for a comprehensive inquiry into the strategy and tactics behind counsel's decisions not to object to evidence introduced by the People or present alibi evidence." J.A. 12. With respect to the challenged evidence, the Appellate Division held that the hearsay testimony fell within Section 932(1) of the Virgin Islands Code and that the admission of Benjamin's character testimony did not amount to plain error. Fahie now appeals.[1]

---

[1] The Appellate Division had jurisdiction over this matter pursuant to 48 U.S.C. § 1613a(a). We have jurisdiction pursuant to 48 U.S.C. § 1613a(d). "Because ineffective

## II. Analysis

### A. Ineffective Assistance of Counsel

On appeal, Fahie renews his argument that his attorney provided ineffective assistance of counsel, and he contends that the record is adequate for us to address this claim on direct appeal.

"It has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack." *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003). Our "refusal to entertain [ineffective assistance] claims on direct review stems from the reality that such claims frequently involve questions regarding conduct that occurred outside the purview of the [trial] court and therefore can be resolved only after a factual development at an appropriate hearing." *United States v. McLaughlin*, 386 F.3d 547, 555-56 (3d Cir. 2004) (citations and quotation marks omitted). A narrow exception to the rule against hearing ineffective assistance claims on direct appeal applies in rare circumstances "[w]here the record is sufficient to allow determination of ineffective assistance of counsel" and "an evidentiary hearing to develop the facts is not needed." *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991). However, Fahie's challenge does not "fit[] into that narrow class of ineffectiveness claims amenable to review on direct appeal." *McLaughlin*, 386 F.3d at 556. The record before us is insufficient to address Fahie's ineffective assistance of counsel claim because we cannot

---

assistance of counsel claims present mixed questions of law and fact, our review is plenary." *United States v. Kauffman*, 109 F.3d 186, 187 (3d Cir. 1997). We review for plain error the Superior Court's decision to admit evidence in the absence of an objection to its admissibility. *See United States v. Rivas*, 493 F.3d 131, 136 (3d Cir. 2007).

discern if his attorney's performance was due to trial strategy or ineffectiveness. Therefore, we affirm the Appellate Division's decision not to entertain Fahie's ineffective assistance claim on direct appeal.

## B. Benjamin's Testimony

Fahie next argues that the Superior Court erroneously admitted Benjamin's bad character testimony. In particular, Fahie challenges the admission of three statements that Benjamin made about Fahie. Benjamin testified that: (1) he was the victim of a prior unprovoked attack by Fahie, (2) Fahie always said, "He's a wanted man he can do anything," and (3) Fahie always said, "He hate Dominicans, he hate Antiguans, and he hate Jamaicans, he have to kill all of them." J.A. 99-100. Because Fahie failed to object to the admission of these statements at trial, we apply plain error review.

To establish plain error, a defendant must demonstrate "that the error was clear or obvious under current law" and "affected the outcome of the trial." *Rivas*, 493 F.3d at 136. Assuming, without deciding, that Benjamin's three remarks were inadmissible, the Superior Court did not commit plain error because this testimony did not affect the outcome of Fahie's trial. As the Appellate Division correctly noted, Benjamin's "statements did not comprise the heart of [his] testimony, nor did they play a particularly important role in the People's case." J.A. 16. Given the overwhelming evidence against Fahie, the outcome of the case would have been the same regardless of Benjamin's testimony about Fahie's past conduct. Therefore, we conclude that the admission of Benjamin's statements did not amount to plain error.

## C. Commissiong's Testimony

Finally, Fahie argues that Commissiong's testimony that "[Benjamin] said he knew who shot him" should have been excluded because it was irrelevant and inadmissible hearsay.[2] J.A. 60. Because Fahie failed to object to the admission of Commissiong's testimony at trial, we review his challenge for plain error.

Section 771(2) of the Virgin Islands Code broadly defines "relevant evidence" as "evidence having any tendency in reason to prove any material fact." 5 V.I.C § 771(2).[3] Commissiong's testimony was relevant because it helped corroborate the credibility of Benjamin's identification of Fahie as the shooter.

Moreover, Commissiong's testimony fell within a hearsay exception. Hearsay is defined as "a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated." 5 V.I.C § 932. While hearsay testimony is generally inadmissible, Section 932(1) of the Virgin Islands Code permits the use of a statement "previously made by a person who is present at the hearing and available for cross-examination with respect to the statement and its subject matter." 5 V.I.C § 932(1). Here, Commissiong testified about a statement previously made by

---

[2] On appeal, Fahie appears to have abandoned his previous hearsay challenges to the testimony of Mills, Dowdye, and Benjamin. Therefore, we do not address these claims in our opinion. *See New Jersey v. Merrill Lynch & Co.*, 640 F.3d 545, 547 n.3 (3d Cir. 2011).

[3] At the time of this case, the Uniform Rules of Evidence, codified as 5 V.I.C. §§ 771-956, applied. *See Phillips v. People*, 2009 WL 707182, at *7 (V.I. Mar. 12, 2009); *see also Chinnery v. Virgin Islands*, 2011 WL 3490267, at *8 (V.I. May 27, 2011) (explaining that the Uniform Rules of Evidence were not repealed and replaced with the Federal Rules of Evidence until April 7, 2010).

Benjamin, who was present at Fahie's trial and available for cross-examination. Therefore, Commissiong's testimony regarding Benjamin's statement was admissible pursuant to 5 V.I.C. § 932(1).

Even if the Superior Court erred in admitting Commissiong's testimony, it did not commit plain error because the testimony did not affect the outcome of Fahie's trial. Commissiong's statement occurred during the course of a two-day trial. Due to the overpowering evidence against Fahie, the result in this case would have been the same regardless of Commissiong's testimony that "[Benjamin] said he knew who shot him." J.A. 60.

Given that Commissiong's testimony was relevant, fell within a hearsay exception, and did not affect the outcome of the trial, the admission of this testimony did not constitute an error, let alone a plain error.

## III. Conclusion

For the foregoing reasons, we affirm the Appellate Division's judgment in all respects.