**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3157
_____

WEIZENG LIU
Appellant

v.

THE GRIER SCHOOL,
d/b/a Grier School

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:24-cv-00324)
Magistrate Judge: Honorable Daryl F. Bloom
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 7, 2025

Before: KRAUSE, MATEY, and PHIPPS, *Circuit Judges*

(Filed: July 8, 2025)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Weizeng Liu challenges the District Court's[1] dismissal of her complaint for improper venue. Discerning no error, we will affirm.

Liu, formerly a student at Appellee The Grier School, initiated this breach-of-contract suit against Grier in the United States District Court for the Middle District of Pennsylvania after she was expelled from the school. Grier moved to dismiss Liu's complaint for, among other things, improper venue on the basis that Liu agreed to litigate any disputes relating to her enrollment contract (such as this suit) in state court in Huntingdon County. The enrollment contract contains the following choice-of-law and forum selection provision:

> I agree that the laws of the Commonwealth of Pennsylvania and jurisdiction of the Courts of Huntingdon County shall apply as to all disputes or interpretation arising under the terms of this Reservation Enrollment Contract and the accompanying Tuition Reimbursement Plan and the rules and regulations of the School as amended from time to time.

App. 69. Interpreting this clause, the District Court agreed with Grier and dismissed Liu's action for improper venue. This timely appeal followed.[2]

<u>First</u>, Grier points out that Liu did not argue to the District Court, as she does to us, that the forum selection clause includes the United States District Court for the Middle District of Pennsylvania. To preserve an issue for appeal, "a party 'must

---

[1] The term "District Court" in this case refers to the Magistrate Judge proceeding with the consent of the parties. *See* 28 U.S.C. § 636.

[2] The District Court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's interpretation of a forum selection clause and the determination of its enforceability. *See Reading Health Sys. v. Bear Stearns & Co.*, 900 F.3d 87, 98 n.44 (3d Cir. 2018).

2

unequivocally put its position before the trial court at a point and in a manner that permits the court to consider its merits.'" *Garza v. Citigroup Inc.*, 881 F.3d 277, 284 (3d Cir. 2018) (quoting *Shell Petroleum, Inc. v. United States*, 182 F.3d 212, 218 (3d Cir. 1999)). Having failed to make this argument to the District Court, Liu may not now do so for the first time on appeal. She has forfeited her argument, and we will not reach it.[3] *See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017).

Second, Liu's argument that the forum selection clause is unenforceable fails. Forum selection clauses are "prima facie valid" and should be enforced unless doing so is "'unreasonable' under the circumstances." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). A forum selection clause is "unreasonable" when the defendant makes a "strong showing" that the forum is "so gravely difficult and inconvenient that he will . . . be deprived of his day in court" or that the clause was "procured through 'fraud or overreaching.'" *Id.* (quoting *Bremen*, 407 U.S. at 15, 18).

Appellant argues that the forum selection clause is unreasonable because the enrollment contract contained "boilerplate" language and was "signed by an international plaintiff." Opening Br. 8. But the absence of "actual negotiations" over the forum

---

[3] Even if we did reach Liu's argument about the forum selection clause's meaning, it would fail. The phrase "Courts of Huntingdon County" in the forum selection clause unambiguously lays venue in state court in Huntingdon County—namely the Court of Common Pleas of Huntingdon County—as "of" denotes the source from which the court is established. *See New Jersey v. Merrill Lynch & Co.*, 640 F.3d 545, 549 (3d Cir. 2011) (concluding the phrase "'of a state' connotes sovereignty, limiting jurisdiction to the state courts of the named state" (cleaned up)). Thus, the District Court correctly granted Grier's motion to dismiss for improper venue.

selection clause "does not affect its validity." *Foster*, 933 F.2d at 1219. And to the extent Liu gestures at fraud or overreaching by Grier, she offers no meaningful explanation or support for this argument.[4]

*    *    *

For the foregoing reasons, we will affirm.

---

[4] Liu also argues that "it is not reasonable to have a forum selection clause restricting all legal issues that arise in Huntingdon County to only be heard in a state court, to the exclusion of federal courts." Opening Br. 8. But all forum selection clauses limit the venue in which certain claims may be heard, and they are nonetheless enforceable. *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013). So this argument fails too.